367 So.2d 661 (1979)
STATE of Florida, Appellant,
v.
Ora L. EASH, Appellee.
No. 78-107.
District Court of Appeal of Florida, Second District.
January 31, 1979.
*662 Robert L. Shevin, Atty. Gen., Tallahassee and C. Marie King, Asst. Atty. Gen., Tampa, for appellant.
Peter M. de Manio, of Scovill, Pitcher & de Manio, Chartered, Sarasota, for appellee.
OTT, Judge.
The state appeals an order of dismissal. We affirm in part and reverse in part for reasons hereinafter stated.
The appellee was charged by information with possession of greater than five grams of marijuana. Appellee wished to be accepted into a pretrial intervention program pursuant to § 944.025, Fla. Stat. (Supp. 1978). Subsection (1) of that section provides:
The Department of Offender Rehabilitation shall supervise pretrial intervention programs for persons charged with a crime, before or after any information has been filed or an indictment has been returned in the Circuit Court. Such programs shall provide appropriate counseling education, supervision, and medical and psychological treatment as available and when appropriate for the persons released to such programs.
In order to gain admittance into a pretrial intervention program, the appellee had to secure the approval or consent of four persons specified in § 944.025(2):
Any first offender who is charged with any misdemeanor or felony of the third degree is eligible for release to the pre-trial intervention program on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appearance hearing of the offender.
Another requirement is that the person desiring admittance into the pretrial intervention program must waive his right to a speedy trial for the period of his diversion. Section 944.025(2) states this requirement as follows:
In no case, however, shall any individual be so released unless, after consultation with his attorney or one made available to him if he is indigent, he has voluntarily agreed to such program and has knowingly and intelligently waived his right to a speedy trial for the period of his diversion.
Appellee's "Waiver of Speedy Trial" stated in relevant part as follows:
[T]his waiver is in the nature of a tolling of the speedy trial time from the time of his release to the program until the charges against him are either dismissed or the case against him reverts to normal channels for prosecution and he specifically does not waive the time which has already expired from the date of his arrest ... until he is released to the pretrial intervention program... .
*663 The state refused to accept this waiver. Appellee then filed a Motion for Clarification in which he sought a construction of § 944.025(2) as to the right of the state attorney to require a total waiver. This motion provided in relevant part as follows:
(3) Defendant ... filed ... a Waiver of Speedy Trial with conditions which would make such Waiver effective only during the time of the pre-trial diversion and only in the event he were accepted for pre-trial diversion.
(4) The State Attorney has hampered the orderly procedure and preparation of the necessary investigation by the Department of Health and Rehabilitative Services by clearly indicating that he would not give his approval as required by statute to the defendant being released to the pre-trial intervention program unless the defendant waives all his rights to a speedy trial prior to being accepted.
The court's order upon appellee's Motion for Clarification stated as follows:
1. The Florida Legislature enacted Florida Statute 944.025 in an effort to provide an effective method of disposing of first offenders' cases by channeling the cases directly to the Department of Offender Rehabilitation, thus, freeing the Courts from some of the case overload and, also, saving the Defendant from acquiring a record of convictions and arrests.
2. It is not the intent of the Florida Legislature to coerce a Defendant who might qualify for the pre-trial intervention program into sacrificing a valuable, constitutional right to-wit: Speedy Trial, in order to gain the benefits provided in the Statutes by the Legislature.
3. Florida Statute 944.025 states clearly that the Defendant shall waive his right to Speedy Trial upon release to the pre-trial intervention program.
4. The Defendant shall sign his Waiver of Speedy Trial at the time he is released to the pre-trial intervention program and the running of the Speedy Trial time shall be tolled from the date of his release until the Defendant is either discharged or it is determined that he has failed in the pre-trial intervention program and the case has reverted to normal channels for prosecution.
5. Florida Statute 944.025 is found to mean that the Defendant who waives Speedy Trial while released to the Speedy Trial pre-trial intervention program waives Speedy Trial only during the period of diversion.
Appellee again applied for pretrial intervention. [Appellee had been approved by the Department of Health & Rehabilitative Services.] The state again refused to give its consent. Appellee then filed a Motion for Pretrial Intervention Or, In The Alternative To Dismiss. In this motion, the appellee alleged that he was "being discriminated against capriciously without any justifiable reason" and prayed that the court "enforce a uniform standard which is fair and just to all litigants."
The lower court treated this as a motion to require the state to show cause for its failure to accept a waiver consistent with the court's order of clarification. At the hearing on the motion, the state admitted that it did not intend to follow the court's order of clarification. The state admitted that the sole basis for refusing to accept such a waiver was that such a ruling conflicted with its "total waiver" policy with regard to speedy trial waivers in pretrial intervention situations.
The lower court ordered that the state had ten days to authorize (or consent to) the appellee's entry into the pretrial intervention program or else the court would order a dismissal of the information. The state failed to comply within ten days and the lower court dismissed the information filed in the case.
As far as we can determine this is a case of first impression.
At the outset it should be noted that the concept, purpose and all of the rights and responsibilities involved in the pretrial intervention program are creations of the legislature. In this instance we are not forced to glean legislative intent solely from the operative portions of the law or *664 from such bits and pieces as may have been preserved of the legislative proceedings leading to the development and adoption of the law. By § 944.012, the legislature clearly states that it is providing new methods and alternatives to traditional institutional incarceration for the intelligent evaluation, classification, treatment and  where indicated  the incarceration or other institutionalizing of criminal offenders. The coordination and cooperation of all agencies involved is expressly directed or mandated in order to maximize effective and efficient processing and treatment of criminal offenders  including the early identification of nondangerous offenders  and their diversion into specially designed programs that are alternatives to institutional commitment.
One of the special programs for placement of suitable offenders is found in § 944.025 and concerns the "pretrial intervention program." The statute is the foundational authority or source for everything connected therewith. It is the first place to look for direction in the resolution of the questions presented by this appeal.
Statutory construction, interpretation and compliance therewith are historically, constitutionally and necessarily functions of the courts. Determination of whether or not the acts of the executive department are authorized or directed by the legislation, review of their acts as to the lawful exercise of their authority or discharge of their responsibilities, and evaluation of compliance or noncompliance with legislative directives and purposes are but some of the many problems involved in the implementation of legislative enactments that are the peculiar responsibility of the judicial branch in the tripartite system of government under which we function.
We think it axiomatic that the original problem that developed between the state attorney and the offender (appellee) in this case was one of those matters that the court system is designed to resolve  the fundamental question of whether or not the appellee's written waiver of his right to a speedy trial satisfied the legislative requirement for such that is mandated in § 944.025(2).
Both parties were fully heard at a proper hearing before the trial court on the question of the adequacy or sufficiency of the appellee's waiver. The state took no appeal therefrom but simply chose to disregard or reject the ruling of the trial court thereon.
Quite properly then the trial court, in effect, issued its order requiring the state attorney to show cause why he continued to withhold consent. Unless predicated upon some rational basis other than the waiver it would clearly be outside the legislative grant or purpose.
The consent of the prosecutor is but one of several safeguards the legislature provided in making sure all agencies concerned in the process were mandatorily involved in determining the suitability of the offender and the program. The prescribed consents of all concerned must be rationally exercised consistent with the legislative purpose and provisions. Again we point out what seems to us to be an elementary proposition, namely, that the courts determine whether the consensual discretion was lawfully exercised. The consent of the trial court itself [likewise directed in § 944.025(2)] is subject to review by the appellate courts of this state. There is no legislative indication  or for that matter, no fundamental requirement (essential to the constitutional discharge of its duty)  that the prosecutorial consent was, in effect, an absolute right of veto.
The state argues that there is no provision in (2) of the governing statute  § 944.025  permitting judicial review of any of the consents required for admission to the program. Quite the contrary, we think that legislative authority for such an absolute veto must be found in the legislation. In its absence it is reviewable as to lawful exercise. We therefore hold that insofar as the legislative act is concerned the act of the prosecutor in withholding his consent was reviewable by the court.
The record clearly indicates that the state arbitrarily and capriciously withheld *665 its consent to appellee's entry into the pre-trial intervention program.
In Yick Wo v. Hopkins, 118 U.S. 356, 373-74, 6 S.Ct. 1064, 1073, 30 L.Ed. 220, 227 (1886) the Court stated:
Though the law itself be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material in their rights, the denial of equal justice is still within the prohibition of the constitution.
See Wiggins v. City of Jacksonville, 311 So.2d 406 (Fla.1st DCA 1975).
The fact that the state received a disappointing ruling in the trial court should not give it license to punish appellee by way of discrimination. Such conduct on the part of the state is tantamount to coercion and has a chilling effect upon the exercise of the right to a vigorous defense.
We further point out that the state's actions in this case have the obvious effect of stretching the affair out. As pointed out in the record, this was at great expense (relatively speaking) to the appellee.
Accordingly, we affirm the lower court judgment insofar as it proscribes the arbitrary and capricious activity of the state.
The state next advances the proposition that its consent is part and parcel of the prosecutor's function in filing criminal charges and is therefore nonreviewable in the same manner that a prosecutor may not be mandated to prosecute.
In this connection it should be noted that § 944.025(5) specifically provides that "[a]t the end of the intervention period ... [t]he State Attorney shall make the final determination as to whether the prosecution shall continue." Even though prosecutorial discretion has been tolled during the program, once the program is completed the prosecutor again has discretion. Thus, it is not as though the prosecutor is removed from discretionary control of the action, rather it is simply an application of the law which tolls  for the period of diversion of the appellee only  the prosecutorial discretion.
We must, however, reverse that portion of the lower court's order dismissing the information. The sufficiency of the information must be measured by established legal standards and not by this collateral action of the prosecutor. This would constitute an unlawful infringement upon discretion of the prosecutor to prosecute.
We conclude that the lower court may properly review the act of the state attorney in withholding his consent for appellee's entry into the program. If duly found to be arbitrary and capricious the trial court may order the appellee's admission to the program notwithstanding such refusal of the state attorney to consent thereto.
Reversed and remanded for further proceedings consistent herewith.
HOBSON, Acting C.J., and SCHEB, J., concur.