NESBITT, Judge.
The issue before us is whether an agreement between the defendant and the state, wherein the defendant waived his right to a speedy trial in return for the opportunity to enter a pre-trial intervention program, waived the speedy trial rule[1] even though the state unilaterally terminated his participation in the program. On the record before us, we find that the state’s unilateral action did not affect defendant’s waiver of the speedy trial rule. The judgment, which withheld imposition of sentence and placed the defendant on probation with the special condition that he be confined in the Dade County Stockade for six consecutive weekends, is affirmed.
The record reveals that:
On May 24, 1978, the defendant was arrested for possession of cocaine at Miami International Airport.
On June 21, 1978, an information charging the defendant with possession of a felony amount of a controlled substance; to wit: 134.1 grams of cocaine, in violation of Section 893.13, Florida Statutes (1977), was filed.
On September 19, 1978, when his case was called to trial, the state and the defendant reached an oral agreement that the» defendant was to enter a pre-trial intervention program.
On November 3,1978, this agreement was reduced to a written contract.[2]
*1312 On November 6, 1978, the state attorney, by memo, advised the clerk of the court to remove the defendant’s case from the calendar until further notice.
On December 27, 1978, the state attorney unilaterally terminated the defendant’s participation in the pre-trial intervention program.
Termination from the program was evidenced by a memo, which recited that the defendant was “ineligible for participation due to the nature of the charge and the quantity of Cocaine involved.” The memo further advised the clerk that the case should be returned to be “prosecuted normally.” The agency responsible for his rehabilitation reported that his attendance and participation in the program were excellent, that he maintained a stable employment record, and was sincerely involved in the rehabilitation process. The defendant understandably objected to being put to trial.
The defendant contends that he did not receive actual notice of termination of his participation in the program until he received his notice to appear for trial on March 12, 1979. A letter, included as part of the record on appeal, indicates that the defendant was, in fact, notified of his termination from the program in December of 1978. However, we are of the view that this point is irrelevant.
On May 12, 1979, the defendant filed a motion for discharge on the ground that the state was barred from proceeding with the prosecution because he had entered into the pre-trial intervention program and that the time for prosecuting him had lapsed, pursuant to the speedy trial rule. The motion was denied by the court. The defendant then entered a plea of nolo contendere specifically reserving his right to appeal this contention.
Appellant’s argument ignores that the pre-trial intervention program, contained in Section 944.025, Florida Statutes (1977), is entirely a creation of the Legislature. State v. Eash, 367 So.2d 661 (Fla.2d DCA), cert. denied, 374 So.2d 101 (Fla. 1979). His argument also ignores that the written contract made with the state[3] expressly embodies the statute as though it was written therein. See, 11 Fla.Jur.2d Contracts § 129 and cases cited therein. Section 944.025(2), Florida Statutes (1977), expressly provides that no individual shall be released into a pre-trial program “unless, after consultation with his attorney or one made available to him if he is indigent, he has voluntarily agreed to such program and has knowingly and intelligently waived his right to a speedy trial for the period of his diversion.”
In State v. Eash, supra, that court, in effect, upheld a trial court’s decision that the state had arbitrarily and capriciously denied a defendant’s admittance to a pretrial intervention program where he sought to waive his speedy trial rights only for the period of his pre-trial diversion. In the present case, the defendant expressly agreed that: “should my case be returned to court for any of the foregoing reasons, that I shall have a right to be tried within 180 days of the date my case is returned to the court docket . . . .”
Since the defendant’s plea of nolo conten-dere, which disposed of the information, was entered well within the 180 days following the return of the case to the court docket as agreed to, we cannot accept his argument that his prosecution is barred by the running of the speedy trial rule.
The pre-trial intervention agreement contemplated the state unilaterally terminating defendant’s participation. The agreement provided:
I also understand that in the event a victim or police officer in my case presents a reasonable basis for objecting to my participation that the State Attorney may return my case for prosecution

*1313 We note that Section 944.025(4), Florida Statutes (1977), authorizes the state attorney to resume prosecution “if the public interest so requires.” Subsection (5) of Section 944.025, supra, also contemplates prosecution where “the offender’s participation in the program has been unsatisfactory” or “the offender is in need of further supervision.” In any event, the statute alone authorizes the state attorney to make final determination as to whether the prosecution shall continue.
The pre-trial intervention program, contemplated by Section 944.025, Florida Statutes (1977), presents a practical solution for the rehabilitation of first offenders. The Legislature has balanced the societal interests by vesting the state attorney with wide latitude in vetoing a defendant’s participation in a pre-trial program or in determining whether the defendant has successfully completed such a program in such a manner as to provide significant rehabilitation. The state’s arbitrary and capricious veto and resumption of prosecution remains nonetheless subject to the superintendence of the trial court. State v. Eash, supra.
In the instant case, the record supports the state’s termination of the defendant’s participation because the quantity of the cocaine seized after his arrest at the Miami International Airport represented a greater quantity than is ordinarily found for a cocaine user’s personal use. The quantity of narcotics seized and the defendant’s location when arrested with the drugs gave rise to a legitimate suspicion that he was involved in the sale or distribution thereof. The defendant made no showing to the trial court that the state had arbitrarily and capriciously terminated his participation in the pre-trial intervention program. Upon termination of defendant’s participation in the pre-trial intervention program, the state was required to try him within 180 days from the date of that termination pursuant to Florida Rule of Criminal Procedure 3.191.
We recognize that situations may occur where the state either (1) in bad faith, induces a defendant to enter into an intervention program; or (2) in good faith, induces a defendant to enter into an intervention program, but arbitrarily and capriciously terminates his participation. We specifically do not decide the question of “waiver” of the speedy trial rule under those situations and will wait until they are properly before us to do so.
For the foregoing reasons, the judgment appealed from is hereby affirmed.

. Fla.R.Crim.P. 3.191.

. DEFERRED PROSECUTION AGREEMENT AND SPEEDY TRIAL WAIVER
I understand that I have been tentatively accepted as a participant in the Dade County Pretrial Intervention Program, and that the charges against me will not be prosecuted so long as I am a Program participant in good standing and that my case will not come to trial during that time.
I understand further that I have a right to have my case brought to trial under Florida Rule of Criminal Procedure 3.191 within one hundred and eighty (180) days if a felony and ninety (90) days, if a misdemeanor.
In order to participate in the Pretrial Intervention Program, I do hereby freely and voluntarily waive my right to a speedy trial, pursuant to the Florida Rules of Criminal Procedure, Florida Constitution and United States Constitution. I understand that if I violate the rules of the Pretrial Intervention Program, which have been explained to me and which I have agreed to, that my case will be returned to court for prosecution. 1 also understand that in the event a victim or police officer in my case presents a reasonable basis for objecting to my participation that the State Attorney may return my case for prosecution and that my acceptance is thus not final until such time as they have been advised of my proposed acceptance.
I further understand that, should my case be returned to court for any of the foregoing reasons, that I shall have a right to be tried within 180 days of the date my case is re *1312 turned to the court docket, if a felony, or within 90 days of the date my case is returned to the court docket, if a misdemeanor. This provision shall supersede all other rights I might otherwise have to a speedy trial.

. See note 2.