390 So.2d 364 (1980)
STATE of Florida, Petitioner,
v.
Ophelia Johnson CLEVELAND, Respondent.
No. 80-515.
District Court of Appeal of Florida, Fourth District.
September 3, 1980.
Rehearing Denied December 19, 1980.
Michael J. Satz, State's Atty., and Patti Englander, Asst. State's Atty., Fort Lauderdale, for petitioner.
Alan H. Schreiber, Public Defender, and Steven Michaelson, Asst. Public Defender, Fort Lauderdale, for respondent.
BERANEK, Judge.
This is a petition for writs of common law certiorari and prohibition wherein the State of Florida seeks review of an order entered by the Circuit Court requiring the Department of Corrections to accept defendant into the pretrial intervention program created *365 under Section 944.025, Florida Statutes (1979). This statute provides in relevant part:
(1) The department shall supervise pretrial intervention programs for persons charged with a crime, before or after any information has been filed or an indictment has been returned in the Circuit Court. Such programs shall provide appropriate counseling, education, supervision, and medical and psychological treatment as available and when appropriate for the persons released to such programs.
(2) Any first offender who is charged with any misdemeanor or felony of the third degree is eligible for release to the pretrial intervention program on the approval of the administrator of the program and the consent of the victim, the State Attorney, and the judge who presided at the initial appearance hearing of the offender. In no case, however, shall any individual be so released unless, after consultation with his attorney or one made available to him if he is indigent, he has voluntarily agreed to such program and has knowingly and intelligently waived his right to a speedy trial for the period of his diversion. In no case shall the defendant or his immediate family personally contact the victim or his immediate family to acquire the victim's consent under the provisions of this act.
The defendant was charged with welfare fraud, a third degree felony under Sections 409.325(1)(b) and 409.325(5)(b), Florida Statutes (1979). She applied for admission to the pretrial intervention program but was refused admittance by the Department of Correction and the State Attorney. The Department of Offender Rehabilitation, in an existing published statement of eligibility requirements of the program, stated that "no individual will be considered (for the program) when the instant offense is Bolita, Welfare Fraud or other forms of gambling." The reason stated by the Office of the State Attorney for denial of consent was that:
This office does not consent to any person charged with the instant offense [welfare fraud] being admitted into the pretrial intervention program due to the serious and widespread nature of said offense and the impact said offense has on the general taxpayer and public at large.
At the defendant's request and over the State's objection, the trial court held a hearing to review the State Attorney's reasons as stated above and found them to be "... wholly subjective and inarticulate, without basis in law, contrary to legislative intent, and therefore, arbitrary, capricious and without legal reason or justification." In so concluding, we find that the trial court departed from the essential requirements of law and acted outside of his appropriate jurisdiction.
The determinative issue is whether diversion into the Florida pretrial intervention program is a prosecutorial or a judicial decision. We conclude that the program as established by the Legislature is within the prosecutorial rather than the judicial realm; therefore, the State Attorney's reason for denying consent may not be reviewed by the Circuit Court. In reaching this conclusion we are aware of the Second District's contrary result in State v. Eash, 367 So.2d 661 (Fla. 2d DCA 1979), cert. denied, 374 So.2d 101 (Fla. 1979).
A review of Section 944.025, Florida Statutes (1979), in its entirety discloses a legislative intent to vest the prosecutor with discretion regarding whether or not to prosecute a defendant who might be eligible for the pretrial intervention program. Under the general scheme of this statute, any person, either before or after the filing of an information, who is charged with a misdemeanor or third degree felony, may participate in the program upon the approval of the administrator of the program and the consent of the victim, State Attorney and the judge who presided at the initial appearance hearing of the offender. Subsection (4) deals with successful or unsuccessful completion of the program by an offender and provides that the State Attorney shall have the final determination as to *366 whether prosecution shall continue. The overall statutory scheme as we see it is consistent with the purely prosecutorial function of deciding whether or not to charge an individual or to proceed with the prosecution once that individual has been charged. Consequently, the court with trial jurisdiction over the defendant may not review the basis for the State Attorney's denying admission to the program.
In reaching a contrary result, the trial court relied upon State v. Eash, supra, the only authority in this State dealing with a similar question. In Eash, the trial court examined the portion of the pretrial intervention statute requiring that the admittee waive his right to speedy trial for the period of diversion. The trial court construed that nature and extent of the necessary waiver document in a specific order interpreting the statute. The State disagreed with the Court's interpretation but instead of seeking review of the interpretative order, simply refused to consent, asserting that the trial court's order was wrong. The trial court later ordered the Department of Offender Rehabilitation to admit the defendant or, in the alternative, the case would be dismissed. Eventually, after the State further refused to consent, the trial court dismissed the information. On appeal, the Second District affirmed the trial court's finding that the State's action had been arbitrary and capricious but reversed the dismissal of the charges. In doing so, the Second District further held that the consents of all concerned must be rationally exercised consistent with the legislative purpose and that the trial court can properly determine whether the State Attorney has lawfully exercised his consensual discretion. We respectfully disagree and hold that the exercise of consensual discretion by the State Attorney under such circumstances is a matter which may not be reviewed by the Circuit Court with trial jurisdiction over the case.
Furthermore, since our statute requires consent from the victim, it is difficult for us to theorize how the trial court could review the victim's refusal to consent for irrationality. We have been directed to similar pretrial intervention programs existing in the states of New Jersey, Pennsylvania, and California for precedent on the subject, but none of these out-of-state programs contain victim consent as a requirement. See State v. Leonardis, 71 N.J. 85, 363 A.2d 321 (1976), aff'd and clarified on rehearing, 73 N.J. 360, 375 A.2d 607 (1977); Commonwealth v. Kindness, 247 Pa.Super. 99, 371 A.2d 1346 (1977); People v. Superior Court of San Mateo County, 11 Cal.3d 59, 113 Cal. Rptr. 21, 520 P.2d 405 (1974). The requirement of victim consent in our statute compels us to conclude that the trial court does not have the power to overrule the victim if he chooses not to consent.[1]
Consent from the judge who presided at the defendant's initial appearance hearing is also required under the statute. Contrary to Eash, we construe this statutory consent as applicable to the judge presiding at the defendant's first appearance hearing as defined by Florida Rule of Criminal Procedure 3.130(b). This judge would have limited contact with the offender, and in most situations, this contact would occur before formal charges were filed. We do not believe the statutory scheme contemplates that the trial judge may later review for rationality the reasons in the mind of the first appearance judge if he decides not to consent to pretrial intervention.
The Florida pretrial intervention program, unlike the California plan, does not contemplate judicial review of the consents of those required. In California the District Attorney screens offenders for eligibility and the probation department investigates the facts. The trial court then makes the ultimate decision on whether a defendant should enter the diversion program. See People v. Superior Court of San Mateo *367 County, supra. Similarly, in State v. Leonardis, supra, the New Jersey Supreme Court ruled that their state pretrial intervention program was subject to judicial supervision. Unlike the Florida plan, however, the New Jersey plan was adopted pursuant to court rule. The Florida statute vests no authority directly in the trial judge to review the determinations of entry into the program. As the Pennsylvania court held in Commonwealth v. Kindness, supra,[2] the Court simply does not possess the power to overrule the prosecutor and order pretrial diversion.
We believe the decision to divert a defendant into the Florida pretrial intervention program, as stated in the statute, is basically within the prosecutor's function of charging and prosecuting. If the prosecutor refuses to consent to an applicant's entry into the program, that defendant may not seek review in the Circuit Court on the theory of an arbitrary and capricious decision by the State Attorney. The system is one of balancing. If the prosecutor takes the case to trial and the defendant is found guilty, the trial judge has the discretion under the law to sentence the defendant in whatever fashion the trial court sees fit. Indeed, the Eash case makes it clear that the State Attorney must still make the final determination as to whether prosecution will continue.
We conclude that the trial court acted beyond the scope of its jurisdiction in reviewing the reasons for the prosecutor's refusal to consent. The order below is quashed and the cause remanded for further proceedings.
QUASHED AND REMANDED.
LETTS, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] In the instant case, no attempt was made to explore the question of victim consent. Indeed, whether there is a victim in the crime of welfare fraud is one which we do not answer. We are not advised of any of the details of the defendant's crime and do not rule on whether victim consent was appropriate.
[2] Defendant, convicted of driving while intoxicated, sought admission to a similar pretrial program in Pennsylvania. The prosecuting attorney in question had an office policy against the admission of drunken driving cases to their pretrial diversion program. Defendant asserted he had been unconstitutionally denied admission to participate in the program.