417 So.2d 653 (1982)
Ophelia Johnson CLEVELAND, Petitioner,
v.
STATE of Florida, Respondent.
No. 60178.
Supreme Court of Florida.
July 15, 1982.
Alan H. Schreiber, Public Defender and Steven Michaelson, Asst. Public Defender, Seventeenth Judicial Circuit, Fort Lauderdale, for petitioner.
Michael J. Satz, State Atty. and Paul H. Zacks, Asst. State Atty., Seventeenth Judicial Circuit, Fort Lauderdale, for respondent.
James G. Mahorner, Tallahassee, for Ila Patel, amicus curiae.
ADKINS, Justice.
We have for review a decision of the District Court of Appeal, Fourth District, (State v. Cleveland, 390 So.2d 364 (Fla. 4th DCA 1980)), which expressly and directly conflicts with a decision of the District Court of Appeal, Second District, (State v. Eash, 367 So.2d 661 (Fla. 2d DCA)), cert. denied, 374 So.2d 101 (Fla. 1979). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner (hereinafter defendant), was arrested and charged with welfare fraud in an amount greater than $200, a third-degree *654 felony. § 409.325, Fla. Stat. (Supp. 1980). Defendant then sought admission into the pretrial intervention program pursuant to section 944.025, Florida Statutes (1979). Although defendant satisfied all statutory requirements for admission into the program, the Department of Corrections and the state attorney refused to consider defendant's application. This department's refusal resulted from a rule, promulgated by the Department of Offender Rehabilitation, which denied persons charged with welfare fraud or other enumerated third-degree felonies admission to the program. The state attorney refused to consent because of the serious and widespread nature of welfare fraud and the impact it has on the general taxpayer and public at large. State v. Cleveland.
Upon order of the trial court, the Department of Corrections processed defendant's application but found her ineligible due to the state attorney's refusal to consent. The trial court then ordered the Department of Corrections to accept defendant into the program stating that the withholding of consent by the state attorney was subjective and contrary to the legislative intent of the pretrial intervention program.
The Fourth District Court of Appeal quashed the trial court order. This Court accepted the petition for review to consider whether a trial court may review a refusal by the state attorney to consent to a qualified offender's admission to pretrial intervention. The answer to this question primarily depends on whether the pretrial diversion decision is a judicial or prosecutorial function.
The state attorney has complete discretion in making the decision to charge and prosecute. In State v. Jogan, 388 So.2d 322 (Fla. 3d DCA 1980), for example, the trial judge dismissed the information against the defendant conditioned on the defendant's enlistment in the military. The district court reversed and remanded holding that the decision to prosecute or nolle prosequi is a pretrial posture vested solely in the state attorney's discretion. The court felt that the state attorney alone had the right to nolle prosequi a defendant conditioned upon his entry into the military. The trial court has great latitude in post-trial proceedings and thus forms the necessary check and balance.
The pretrial diversion is essentially a conditional decision not to prosecute similar to the nolle prosequi situation postulated by Jogan. It is a pretrial decision and does not divest the state attorney of the right to institute proceedings if the conditions are not met. The pretrial intervention program is merely an alternative to prosecution and should remain in the prosecutor's discretion. See Commonwealth v. Kindness, 247 Pa.Super 99, 371 A.2d 1346 (1977). Two factors in the statutory scheme which create the pretrial intervention program support the determination that each party concerned has total discretion to refuse to consent. First, section 944.025(2) requires consent of the administrator of the program, victim, judge, and state attorney, but fails to provide for any form of review. In addition, section 944.025(4), Florida Statutes, allows the state attorney to continue prosecution if defendant is not fulfilling his obligations under the program or if the public interest requires. The fact that the state attorney has this discretion to reinstate prosecution is consistent with the view that the pretrial diversion consent by the state attorney is a prosecutorial function.
Finally, defendant's reliance on comparable programs in other states is misplaced. The California program statutorily provides for trial court review. See People v. Superior Court, 11 Cal.3d 59, 520 P.2d 405, 113 Cal. Rptr. 21 (1974). Other programs were created by court rule and are, therefore, subject to court review of the diversion decision. Florida's program was statutorily created and does not expressly provide for judicial review.
We hold that the pretrial diversion decision of the state attorney is prosecutorial in nature and, thus, is not subject to judicial review. We approve the decision of the district court and overrule State v. Eash.
It is so ordered.
*655 ALDERMAN, C.J., and BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.