416 So.2d 1258 (1982)
STATE of Florida, Appellant,
v.
Andrew Louis BROWN, Appellee.
No. 81-1371.
District Court of Appeal of Florida, Fourth District.
July 21, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellee.
GLICKSTEIN, Judge.
An information was filed against appellee, charging him with burglary of a structure and possession of burglary tools. When the cause came before the trial court on a jury trial docket, appellee moved to dismiss the information based upon (1) the *1259 victim's desire that the charges not be prosecuted because of restitution made by appellee, and (2) the charge was appellee's first offense. The trial judge dismissed the information despite the State's insistence on prosecuting the case. Because the trial judge's action infringed upon the state attorney's discretion to decide whether prosecution should continue, we reverse.
At the proceeding the prosecutor advised the trial judge that appellee was "a perfect candidate for Pre-Trial Intervention" and that the State had no objection to appellee going into the program. The victim, who was also present, stated he did not wish the prosecution to proceed. The trial judge asked if the State would prosecute the case based on the victim's statement. The prosecutor replied that a very lenient plea offer would be made. The court, noting that the pretrial intervention program was not mandatory, asked the State what it would do if appellee chose not to participate. The prosecutor replied that appellee "should be prosecuted" and that he was ready to proceed. The court later asked the same question to which the prosecutor again replied: "He should be prosecuted." The trial judge then dismissed the case without prejudice to the refiling of the charges, saying:
I will dismiss the case  You all can refile if you like  based on the testimony of the victim here.
The prosecutor did not then voice an objection. This appeal followed.[1]
In response to appellee's first argument, we hold the prosecutor's failure to voice an objection to an order of dismissal is irrelevant. The trial judge was not led into the error we perceive by the absence of an objection, and we fail to see how an order of dismissal contemplates a simultaneous objection.
Turning to the merits of the case, we hold the trial judge's actions constituted an improper infringement upon the discretion of the State to prosecute. State v. Cleveland, 390 So.2d 364 (Fla. 4th DCA 1980), pet. for rev. granted, 6 Fla.L.W. 53 (No. 60,178) (Fla. Sept. 3, 1981). In Cleveland we held that because the pretrial intervention program was within the prosecutorial rather than the judicial realm, a state attorney's reason for denying consent to a defendant to be admitted into the program may not be reviewed. Citing to State v. Eash, 367 So.2d 661 (Fla. 2d DCA), cert. denied, 374 So.2d 101 (Fla. 1979), a case which reached the opposite result as that in Cleveland, we found support in our conclusion by examining the prosecutorial functions of the state attorney. It is the state attorney, we wrote, who "must still make the final determination as to whether prosecution will continue." 390 So.2d at 367.
The assertion made in Cleveland, although not documented, stems from the common law. In the absence of a statute, the attorney general controlled the prosecution of a case and he alone had the exclusive discretion to decide (prior to the inception of double jeopardy) whether to prosecute. Wilson v. Renfroe, 91 So.2d 857 (Fla. 1956). See also Bucolo v. Adkins, 424 U.S. 641, 96 S.Ct. 1086, 47 L.Ed.2d 301 (1976); Hield v. State, 201 So.2d 235 (Fla. 4th DCA 1967) (Andrews, J., concurring); State v. Hargis, 328 So.2d 479 (Fla. 1st DCA 1976) (Rawls, C.J., dissenting). No statute modifying the common law rule exists. Under these authorities, the trial court erred in dismissing the information when the state attorney said he wanted to prosecute.
Accordingly, we reverse and remand with directions to proceed in accordance with this opinion.
HURLEY and DELL, JJ., concur.
NOTES
[1] Under Florida Rule of Appellate Procedure 9.140(c)(1)(A), the state may appeal an order dismissing an information. In State v. Schroeder, 112 So.2d 257, 259 (Fla. 1959), the court held that under the statutory counterpart to Rule 9.140(c)(1)(A), the right of the State to appeal is "unconditional and cannot be impaired by the trial court making the order without prejudice to the matter being resubmitted to the grand jury." Under the Rule and Schroeder, jurisdiction exists to review a dismissal without prejudice of an information.