522 So.2d 463 (1988)
The STATE of Florida, Appellant,
v.
The Honorable Arthur WINTON, County Judge of the Eleventh Judicial Circuit, in and for Dade County, Florida, Appellee.
No. 87-1930.
District Court of Appeal of Florida, Third District.
March 15, 1988.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellant.
John H. Lipinski, Sy Gaer, Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal from an order of the circuit court denying the State's petition for writ of prohibition or mandamus which sought to prevent the appellee, a judge of the county court, from acting in excess of his jurisdiction by placing a criminal defendant in a pretrial intervention program without the consent of the State. Concluding that the State's petition should have been granted, we reverse.
George Baro was charged in the county court with the misdemeanor offense of falsely impersonating an officer. Sometime thereafter, the appellee entered a pretrial order placing Baro on probation and directing his entry into, and completion of, the Advocate Program, a pretrial intervention program. It is undisputed that the State Attorney's office never approved Baro's entry into the program; that Baro's application for the program specifically called for such approval, but contained none; and that the clerk of the county court was advised of the State's disapproval on several occasions.
Section 944.025(2), Florida Statutes (1985), provides in pertinent part and in no uncertain terms that:
"Any first offender ... who is charged with any misdemeanor ... is eligible for release to the pretrial intervention program on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appearance hearing of the offender." (emphasis supplied).
There is to be no judicial second-guessing of the State Attorney's withholding of consent. As the Supreme Court of Florida said in Cleveland v. State, 417 So.2d 653, 654 (Fla. 1982):

*464 "The pretrial diversion is essentially a conditional decision not to prosecute similar to the nolle prosequi ... It is a pretrial decision and does not divest the state attorney of the right to institute proceedings if the conditions are not met. The pretrial intervention program is merely an alternative to prosecution and should remain in the prosecutor's discretion... . The fact that the state attorney has th[e] discretion to reinstate prosecution is consistent with the view that the pretrial diversion consent by the state attorney is a prosecutorial function."
Prohibition being "the appropriate remedy when a trial court attempts to interfere with the prosecutorial discretion of a state attorney," State v. Bloom, 497 So.2d 2, 3 (Fla. 1986); see Cleveland v. State, 417 So.2d 653, the circuit court erred in failing to grant the State's petition. Accordingly, the order under review is reversed and the cause remanded with directions to grant the State relief by way of prohibition and, if necessary, issue a writ of prohibition to the county court judge.
Reversed and remanded with directions.