COPE, Judge
(dissenting).
I respectfully dissent. Disqualification is not required in this case.
The defendant, Ramon O’Farrill, is charged with perjury. Appended to the arrest warrant is a six-page affidavit setting forth in great detail the circumstances leading to the arrest. In essence it charges defendant with providing a false alibi for a suspected robber; testifying falsely at deposition to that alibi; and fabricating an appointment book entry which was given to the State in support of the suspected robber’s alibi. The affidavit states that subsequently, the suspected robber turned State’s evidence and wore a tape recorder in a meeting with ' the defendant. A partial transcript from the tape recording is set forth in the affidavit which appears to corroborate the State’s version of events.
Defense counsel asked the State Attorney to consider the pretrial intervention program for the defendant, who is- elderly and has no • prior record. The case came on for status conference before the assigned trial judge. The State informed the judge that the request was under consideration by the State attorney.
The trial judge stated:
Let me tell you what my feeling and position is so none of you are at all surprised and so you will have some idea of my feeling about this case.
I am very much opposed to any pretrial intervention on this case and I’ll tell you why.
One of the criteria for referring someone to pretrial intervention and one of the reasons people are not eligible is number three, which is on page 5, which is cases involving public corruption or violation of trust.
I’m very concerned and I’ll tell you, I’m not concerned about sending Father O’Farrill to prison. That isn’t my concern.
My concern is if in fact he lied in order to have a robber released and he used his position as a priest and the trust of the community in his work in order to gain the release of a robber, I think that’s fairly serious.
I am not as concerned about punishment as I am concerned about him standing here and saying, “I’m guilty of this charge and I beg for forgiveness,” or “I apologize to the community for violating your trust.”
That to me is important. If he goes to pretrial diversion none of that ever happens. He can simply say, “Listen, because of my medical reasons or health or the stress and the trauma, I have chosen to go *1077 to a diversion program. I’m not admitting ing guilt.”
I think that’s very different. I just can’t see him accepting a plea that doesn’t involve an admission and apology from him.
I’m not as concerned about punishment. I am concerned about treatment. I am concerned about his involvement with other people in the community before he receives this kind of treatment.
So, looking in terms of treatment and keeping him away from other people until he receives that treatment, but I also am concerned and I want an admission from him and an apology. That is how I feel about it.
So I think you all need to know my feelings when you’re discussing what to do with him and what kind of plea you might work out.
Defendant moved to disqualify the trial judge. The premise of the defendant’s position is that under the circumstances of the present case, the trial court’s consent was not required for entry of this defendant into the pretrial intervention program. Defendant reasons that the trial court’s remarks were not related to a legitimate judicial function and are indicative of a bias against him.
Defendant’s argument is based on a portion of the pretrial intervention statute which provides:
(2) Any person who is charged with any nonviolent felony of the third degree is eligible for release to the pretrial intervention program on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appear-anee hearing of the offender.
§ 948.08(2), Fla.Stat. (1993) (emphasis added).
For present purposes defendant attaches controlling significance to the phrase “initial appearance hearing.” Defendant says that this phrase means “first appearance” under Florida Rule of Criminal Procedure 3.130. In the present case the defendant posted bond and there never was a first appearance. Since there was no first appearance, defendant argues that there necessarily was no “judge who presided at the initial appearance hearing of the offender.” § 948.08(2), Fla. Stat. (1993). In defendant’s view, therefore, no judicial consent is required for his entry into the pretrial intervention program, because there is no judge who fits the statutory description in his case.[1]
While the statute is susceptible of defendant’s interpretation, I do not believe it is correct. The legislature chose the phrase “initial appearance,” not “first appearance.” The phrase “initial appearance” is generic. In numerous cases the initial appearance will be the first appearance. However, if there is no first appearance, then the initial appearance will occur, as the statute says, when the defendant initially appears. This will usually be arraignment.
If the entire pretrial intervention program were administered exclusively in connection with first appearance, then defendant’s argument would have considerable force. However, referrals to pretrial intervention can, and do, occur at later stages as well. It seems to me the better reading that judicial consent to pretrial intervention is required in *1078 all cases.[2]’[3] Consent is required in all cases by the state attorney and the victim; in my view the legislature intended to require judicial consent in each case, just as it requires consent by the state attorney and the victim. It is illogical to think that the legislature would allow outright veto by the victim of crime but prohibit any oversight role for the judge in non-first appearance cases. Moreover, there is no apparent functional reason to require judicial consent for those who have had a first appearance, but to eliminate judicial consent for those who have not.[4]
In my view the statute does require judicial consent for referral to the pretrial intervention program in all cases. That being so, it was entirely appropriate for the court to indicate that it would not give consent to such a referral, while at the same time indicating the parameters within which the court would entertain a negotiated plea should defendant choose to pursue that avenue.
Assuming arguendo that the defendant’s interpretation of the statute is correct, the motion for disqualification was nonetheless correctly denied. When the trial court voiced objection to the pretrial intervention program, it plainly did so on the assumption that the statute required the trial court’s consent. Even if the trial court’s reading of the statute was erroneous, that would simply amount to an error of law. It is not an indication of bias, nor is it a matter for disqualification.
It is also suggested that even if the trial court had an official power of approval with respect to the pretrial intervention program, the judge’s comments are themselves indicative of a bias against the defendant and indicate that the court has prejudged the case. When read in their full context, I do not believe that the judge’s remarks can fairly be so construed. Plainly the court did no more than indicate the parameters under which the court would accept a negotiated plea.
For the reasons stated I would deny the petition.

. It is true, as defendant says, that the Fourth District Court of Appeal in State v. Cleveland, 390 So.2d 364 (Fla. 4th DCA 1980), approved Cleveland v. State, 417 So.2d 653 (Fla. 1982), construed "this statutory consent as applicable to the judge presiding at the defendant’s first appearance hearing as defined by Florida Rule of Criminal Procedure 3.130(b).” 390 So.2d at 366. The Fourth District made that statement, however, in the context of a case in which there had been a first appearance hearing. The court went on to say, "We do not believe the statutory scheme contemplates that the trial judge may later review for rationality the reasons in the mind of the first appearance judge if he decides not to consent to pretrial intervention.” Id.
It is certainly true that where there has been a first appearance under Rule 3.130, the first appearance is the initial appearance referred to in the statute. Cleveland did not consider, however, the question now before us: who, if anyone, should be deemed to be the “judge who presided at the initial appearance hearing of the offender,” § 948.08(2), Fla.Stat. (1993), where there has been no first appearance under Rule 3.130. See also infra note 2.

. In Cleveland v. State, 417 So.2d 653 (Fla. 1982), the court stated that "section 944.025(2) requires consent of the administrator of the program, victim, judge, and state attorney.” Id. at 654. While this language suggests that judicial consent is required in each case, the statement is dictum because the question now before us was not an issue in Cleveland.

. As explained below, it is not necessary to resolve this question of statutory interpretation in order to dispose of the petition for writ of prohibition.

.The purpose of specifying "the judge who presided at the initial appearance hearing of the offender” is to allow prompt consent by the first assigned decision-maker in the case. This allows a prompt and binding consent to be given. Once the consent has been given, it cannot be overridden or withdrawn by a later judge. See generally Cleveland v. State, 417 So.2d 653.