DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Petitioner,

v.

**SHANE MANCUSO,**
Respondent.

No. 4D22-808

[February 1, 2023]

Petition for Writ of Prohibition to the County Court for the Seventeenth Judicial Circuit, Broward County; Edward Harold Merrigan, Judge; L.T. Case No. 06-2021-CT-017870A.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for petitioner.

Andre A. Rouviere of the Law Offices of Andre A. Rouviere, Coral Gables, for respondent.

### *ON MOTION FOR REHEARING AND FOR CERTIFICATION*

CONNER, J.

Having previously issued an order denying the state's alternative petitions for prohibition or certiorari, we grant the state's motion for rehearing opinion, vacate the dismissal order, and issue the following opinion.

The state alternatively petitions for prohibition or certiorari relief from trial court orders that permit the transfer of Respondent Shane Mancuso's criminal case to a veterans treatment court program ("veterans court"). We initially denied the petition without prejudice to the state's opportunity to appeal any dismissal of the lower court proceedings by the trial court. The state moved for rehearing, asking this Court to issue an opinion and certify a question of great public importance.

We determine that the trial court exceeded case jurisdiction and departed from the essential requirements of law resulting in an irreparable

harm that cannot be remedied on appeal. We therefore grant the petition for prohibition and certiorari and quash the orders authorizing the transfer of Mancuso's criminal case to veterans court. We decline the state's request to certify a question of great public importance because we deem the pertinent statutory language to be clear and unambiguous.

*Background*

In 2012, the Seventeenth Judicial Circuit established a veterans court. Due to statutory changes that became effective July 1, 2021 regarding veterans courts, the Seventeenth Circuit chief judge entered an administrative order in August 2021 which implemented the statutory changes applicable to that circuit's veterans court.

In December 2021, Mancuso was arrested for driving under the influence ("DUI") with injury or property damage; DUI; and refusal to submit to a breath test. The state subsequently charged Mancuso by information in county court with the same crimes.

Thereafter, the trial court transferred Mancuso's criminal case to veterans court by written order. Mancuso attended the first hearing in veterans court by video. His attorney and the state attorney appeared in person before the trial court. At the hearing, the state objected to Mancuso's criminal case being transferred to veterans court, causing the trial court to reset the hearing to a later date so that Mancuso could be present in person. Prior to the second hearing, the trial court entered a second order approving the transfer of Mancuso's criminal case to veterans court.

At the second hearing, the state again objected to Mancuso's criminal case being transferred to veterans court. The state also advised the trial court that the victim objected to the transfer. The trial court noted the state's and the victim's objections, but continued to approve the transfer of Mancuso's criminal case to veterans court.

The State petitioned this Court for a writ of prohibition, or in the alternative, a writ of certiorari. Mancuso filed a response, and the state filed a reply.

*Appellate Analysis*

Before examining whether we have prohibition and certiorari jurisdiction to review the transfer orders, we note the state constitutional parameters of prosecutorial discretion. Under the Florida Constitution,

the decision to charge and prosecute is an executive function, and the state attorney has complete discretion in deciding whether and how to prosecute. Art. II, § 3, Fla. Const. ("No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."); Art. V, § 17, Fla. Const. ("[T]he state attorney shall be the prosecuting officer of all trial courts . . . ."); *see also State v. Cleveland*, 390 So. 2d 364, 367 (Fla. 4th DCA 1980) (*Cleveland I*) ("[T]he decision to divert a defendant into the Florida pretrial intervention program, as stated in the statute, is basically within the prosecutor's function of charging and prosecuting."); *State v. Bloom*, 497 So. 2d 2, 3 (Fla. 1986) (holding the decision to charge and prosecute is an exclusively executive function, and the trial judge did not have the authority to make a pre-trial determination as to the applicability of the death penalty). The constitutional context of prosecutorial discretion is important for analyzing whether we have prohibition and certiorari jurisdiction.

We also note that we, as well as our supreme court, have issued opinions regarding the issue of whether state attorney approval is required for participation in a pretrial diversionary program. *See Cleveland I*, 390 So. 2d at 365; *Cleveland v. State*, 417 So. 2d 653, 654 (Fla. 1982) (*Cleveland II*). The introductory paragraph in *Cleveland I* states: "This is a petition for writs of common law certiorari and prohibition wherein the State of Florida seeks review of an order entered by the Circuit Court requiring the Department of Corrections to accept defendant into the pretrial intervention program created under Section 944.025, Florida Statutes (1979)." *Cleveland I*, 390 So. 2d at 364–65. The final paragraph of the opinion states: "We conclude that the trial court acted beyond the scope of its jurisdiction in reviewing the reasons for the prosecutor's refusal to consent. The order below is quashed, and the cause remanded for further proceedings." *Id.* at 367. Our opinion does not state whether we granted the certiorari petition, the prohibition petition, or both. Likewise, in *Cleveland II*, the supreme court approved *Cleveland I* without stating whether prohibition relief, certiorari relief, or both was approved. *Cleveland II*, 417 So. 2d at 654.

Our research has revealed other opinions by our sister courts which have reviewed the issue and have either granted certiorari or prohibition relief, without explaining the details of the analysis for appellate jurisdiction. Thus, in this opinion, we explain the analysis of our appellate jurisdiction in this case.

*Prohibition Jurisdiction*

"Prohibition is an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction." *Baden v. Baden*, 260 So. 3d 1108, 1111 (Fla. 2d DCA 2018) (quoting *Mandico v. Taos Constr., Inc.*, 605 So. 2d 850, 853 (Fla. 1992)). "Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction." *English v. McCrary*, 348 So. 2d 293, 296 (Fla. 1977).

"[T]he word 'jurisdiction' ordinarily refers to 'subject matter' or 'personal' jurisdiction, but there is a third meaning ('case' jurisdiction) which involves the power of the court over a particular case that is within its subject matter jurisdiction." *Tobkin v. State*, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001). A trial court acts in excess of its jurisdiction when it acts without case jurisdiction. *See id.* at 1164 (determining the trial court acted without case jurisdiction when it entered orders after a domestic violence injunction case was voluntarily dismissed). Thus, a writ of prohibition is proper when the petitioner shows that the trial court exceeded case jurisdiction. *See id.* at 1163; *Baden*, 260 So. 3d at 1111 (granting prohibition after determining the trial court exceeded case jurisdiction).

Additionally, "[a] writ of prohibition is the appropriate remedy when a trial court attempts to interfere with the prosecutorial discretion of a state attorney." *Bloom*, 497 So. 2d at 3 (citing *Cleveland II*, 417 So. 2d at 654). In *Cleveland II*, the supreme court approved *Cleveland I*, wherein we determined that the trial court acted beyond the scope of its jurisdiction when it disagreed with the state's reasons for not consenting to Cleveland entering a pretrial intervention program and ordered the Department of Corrections to accept Cleveland into the program. *Cleveland I*, 390 So. 2d at 367. In reviewing *Cleveland I*, the supreme court noted that the primary question presented was "whether the pretrial diversion decision is a judicial or prosecutorial function." *Cleveland II*, 417 So. 2d at 654. The supreme court concluded:

> The pretrial diversion is essentially a conditional decision not to prosecute similar to the nolle prosequi situation postulated by [*State v. Jogan*, 388 So. 2d 322 (Fla. 3d DCA 1980)]. It is a pretrial decision and does not divest the state attorney of the right to institute proceedings if the conditions are not met. The pretrial intervention program is merely an alternative to prosecution and should remain in the prosecutor's discretion. . . . The fact that the state attorney has th[e] discretion to reinstate prosecution is consistent with the view that the

4

> pretrial diversion consent by the state attorney is a prosecutorial function.

*Id.*

We disagree with Mancuso's argument that prohibition is not appropriate in this case because the purpose of prohibition is "to prevent the doing of something, not to compel the undoing of something already done" and "cannot be used to revoke an order already entered," citing *Stokes v. Jones,* 319 So. 3d 166, 170–71 (Fla. 1st DCA 2021) (quoting *Hamlin v. E. Coast Props., Inc.*, 616 So. 2d 1175, 1176 (Fla. 1st DCA 1993)). Because Mancuso's participation in veterans court postpones the state's ability to proceed with a prosecution, we agree with the state's argument that the transfer orders have an ongoing effect which supports prohibition as a remedy. The state correctly points out that *Stokes* actually supports, rather than negates, the conclusion that prohibition is an appropriate remedy in this case, because the First District concluded:

> [T]his is not a case where Petitioners are trying, by prohibition, to undo conclusively accomplished actions by the trial court. Rather, the trial court contemplates ongoing actions, which Petitioners assert the court does not have jurisdiction to take. Therefore, we do not find the use of prohibition in those circumstances to be precluded here.

319 So. 3d at 171.

Determining that prohibition relief is available here, we next determine whether the trial court exceeded its case jurisdiction. Three statutes are material to this analysis: sections 948.08(7)(a), 948.16(2)(a), and 394.47891(4) and (8), Florida Statutes (2021).

Section 948.08 discusses different pretrial intervention programs, including the veterans treatment court programs for persons charged with qualifying felonies.[1] Section 948.08(7)(a) provides:

> A person who is charged with a felony, other than a felony listed in s. 948.06(8)(c), and who is identified as a veteran or a servicemember, as defined in s. 394.47891(2)(d) or (c), respectively, and is otherwise qualified to participate in a

---

[1] We deem the statute pertaining to veterans treatment court programs for felonies material to our analysis because, as seen below, the statute pertaining to misdemeanors has the same requirements, making the legislative intent clear.

5

veterans treatment court program under s. 394.47891 is eligible for admission into a veterans treatment court program *pursuant to the requirements of s. 394.47891(4) and (8).*

§ 948.08(7)(a), Fla. Stat. (2021) (emphasis added).

Section 948.16 discusses different misdemeanor pretrial intervention programs, including the misdemeanor veterans treatment court program. Section 948.16(2)(a) provides:

> A veteran or a servicemember, as defined in s. 394.47891(2)(d) or (c), respectively, who is otherwise qualified to participate in a veterans treatment court program under s. 394.47891, and is charged with a misdemeanor is eligible for admission into a misdemeanor veterans treatment court program, for a period based on the program's requirements and the treatment plan for the offender, *pursuant to the requirements of s. 394.47891(4) and (8).*

§ 948.16(2)(a), Fla. Stat. (2021) (emphasis added).

Thus, to be eligible for a veterans treatment court program, whether for a felony or misdemeanor, a veteran must satisfy the requirements of sections 394.47891(4) and (8). *See also Simeone v. State*, 276 So. 3d 797, 804 (Fla. 4th DCA 2019) (determining the statutory provision setting forth who is "eligible" for veterans court provided the criteria which the defendant must satisfy to be "qualified to participate or be chosen" for veterans court).

Section 394.47891 was entirely rewritten effective July 1, 2021. *See* 2021 Fla. Sess. Law Serv. Ch. 2021-240 (West). The prior version of section 394.47891, in effect from October 1, 2019, to June 30, 2021, was one paragraph and provided in pertinent part:

> Entry into any Military Veterans and Servicemembers Court Program must be based upon *the sentencing court's assessment* of the defendant's criminal history, military service, substance abuse treatment needs, mental health treatment needs, amenability to the services of the program, *the recommendation of the state attorney and the victim*, if any, and the defendant's agreement to enter the program.

6

Notably, the amended version of section 394.47891 applicable here has eleven numbered subsections. Subsection (4), entitled "Admission," provides:

> A defendant who *meets the eligibility requirements under subsection (8)* may be admitted to a veterans treatment court program at any stage of a criminal proceeding. A defendant seeking to participate in a veterans treatment court program *must submit an application to the state attorney*. The state attorney must review each application and determine whether the defendant meets the eligibility requirements in subsection (8).

§ 394.47891(4), Fla. Stat. (2021) (emphasis added). Subsection (8), entitled "Eligibility," provides in pertinent part:

> (a) A defendant may participate in a veterans treatment court program *if he or she is approved by the state attorney*, in consultation with the court . . . .

§ 394.47891(8)(a), Fla. Stat. (2021) (emphasis added).

Based on the plain language of the applicable statutes, the state attorney's *approval* for Mancuso to participate in veterans court is required for Mancuso to be *eligible* to participate. Under the applicable statutes, "[t]here is to be no judicial second-guessing of the State Attorney's withholding of consent." *State v. Winton*, 522 So. 2d 463, 463 (Fla. 3d DCA 1988).

Here, the state attorney objected to Mancuso's participation in veterans court. Yet, the trial court by order allowed Mancuso's criminal case to be transferred to veterans court over the state attorney's objection. The lower court has acted beyond its judicial authority and case jurisdiction, and in violation of the statutory requirements for eligibility to participate in veterans court. We hold that prohibition relief is warranted.

*Certiorari Jurisdiction*

Before a court may grant certiorari relief, the petitioner must establish a departure from the essential requirements of law that results in a material injury for the remainder of the case that cannot be corrected by appeal. *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011). The threshold jurisdictional question for certiorari relief focuses on "whether there is a material injury that cannot be corrected on appeal, otherwise termed as

7

irreparable harm." *Citizens Prop. Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344, 351 (Fla. 2012).

Based on the analysis in *Cleveland I* and *Cleveland II* that admission and participation in a pretrial intervention program requires consent by the state attorney, clearly court-ordered participation in such programs without the state attorney's consent harms the state because it infringes on prosecutorial decision-making and effectively negates the state's ability to prosecute its case. As *Cleveland I* made clear, "the [pretrial intervention] program as established by the Legislature is within the prosecutorial rather than the judicial realm; therefore, the State Attorney's reason for denying consent may not be reviewed by the Circuit Court." *Cleveland I*, 390 So. 2d at 365; *see also Gincley v. State*, 267 So. 3d 444, 446 (Fla. 4th DCA 2019) (determining certiorari relief appropriate where the chief judge exceeded his jurisdiction by entering an administrative order that imposed pretrial intervention program admission criteria which exceeded criteria imposed by statute).

Moreover, the harm imposed by Mancuso's participation in veterans court without the state attorney's consent cannot be remedied on appeal for two reasons: (1) it infringes on the state's prosecutorial discretion; and (2) it violates the separation of powers by "encroach[ing] on the legislature's power to determine which defendants charged by the state attorney are eligible for [the program]." *State v. Leukel*, 979 So. 2d 292, 295 (Fla. 5th DCA 2008). Additionally, we agree with the state that if Mancuso successfully completes veterans court, sections 948.16(4) and 948.08(7)(c), Florida Statutes (2021), require that his criminal case be dismissed.

Finally, the lower court's failure to comply with sections 394.47891(4) and (8)(a) constituted a clear departure from the essential requirements of the law. *See W.G. v. State*, 910 So. 2d 330, 332 (Fla. 4th DCA 2005) (explaining that courts are bound to enforce the plain meaning of the statute the legislature has created, and concluding the trial court departed from the essential requirements of law by ordering restorative services by a private provider, rather than the Department of Children and Families, contrary to plain language of statute); *State v. Patterson*, 325 So. 3d 142, 144–45 (Fla. 5th DCA 2020) (finding certiorari relief warranted when trial court released defendant on bail without conducting a hearing and making the required findings under the plain language of the statute).

Also, section 394.47891(4) and the Seventeenth Judicial Circuit's Administrative Order require that a defendant seeking participation in veterans court must submit an application to the state attorney. Mancuso

never applied to the state attorney's office to participate in veterans court. As such, the trial court's approval of the transfer of Mancuso's criminal case into veterans court without the required application departs from the essential requirements of law.

Because the trial court departed from the essential requirements of law by permitting Mancuso's participation in veterans court without Mancuso submitting an application to the state attorney and over the state attorney's objection, and because the trial court created a harm to the state's prosecutorial discretion and to the doctrine of separations of powers that cannot be remedied on appeal, we hold that certiorari relief is warranted.

*Conclusion*

Having determined that the trial court exceeded case jurisdiction and departed from the essential requirements of law resulting in an irreparable harm that cannot be remedied on appeal, we grant the alternative petition for prohibition or certiorari relief[2] and quash the orders authorizing the transfer of the criminal case against Mancuso in Case Number 06-2021-CT-017870A to the Seventeenth Judicial Circuit Veterans Treatment Court Program.

*Prohibition and Certiorari relief granted.*

GROSS and FORST, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] This opinion should not be construed to require that alternative relief must be sought to remedy the error in this case. Depending on the facts and procedural posture of the case, either prohibition or certiorari relief may be appropriate.