# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0367
Lower Tribunal No. F22-6696
_____

**The State of Florida,**
Petitioner,

vs.

**Jalyn A. Delancy,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for petitioner.

The Law Offices of Scott Miller, P.A., and Scott R. Miller, for respondent.

Before FERNANDEZ, C.J., and LOGUE, and LINDSEY, JJ.

PER CURIAM.

The State of Florida petitions this Court for a writ of prohibition to prevent the trial court from compelling mediation. Because the trial court did not have authority to command the parties into mediation against their will, we grant the petition.

Respondent Jalyn Delancy was charged with one count of fleeing and eluding, two counts of causing personal or property damage from driving under the influence, and one count of driving under the influence. The trial court sua sponte entered an order mandating that both parties participate in mediation, with the end goal of resolving the case via a plea bargain. The trial court referred the case to mediation before a retired judge, who offered to serve pro bono. The trial court also expressed its desire for the facilitated plea bargaining to be completed within 45 days.

The issue before us is whether compelling the State to participate in a plea-bargaining process against its wishes is an improper intrusion into the executive branch. A writ of prohibition is the applicable remedy for instances when a trial court interferes with the State's prosecutorial discretion, because "[u]nder Florida's constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute." See State v. Bloom, 497 So. 2d 2, 3 (Fla. 1986); see also Art. II, § 3, Fla. Const. ("The powers of the state

government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."); Cleveland v. State, 417 So. 2d 653, 654 (Fla. 1982) ("The state attorney has complete discretion in making the decision to charge and prosecute.").

A United States District Court in Utah addressed a similar issue and concluded that "courts are precluded by rule and the doctrine of Separation of Powers from ordering the United States and a criminal defendant to engage in plea negotiations to settle a pending prosecution." See United States v. Ridley's Fam. Markets, Inc., 525 F. Supp. 3d 1355, 1358 (D. Utah 2021). The court further concluded that compelling "the United States and a criminal defendant to sit down with or without a private mediator and discuss whether they can 'work something out' would be an improper intrusion of the Article III branch of government into the exclusive prerogative of the Article II branch of government to enforce the law." Id.; see also People v. Justice, 524 P.3d 1178, 1186 (Colo. 2023) ("In sum, compulsory mediation is a square peg, and squeeze it as a trial court might, it does not fit in the round hole of criminal litigation. The district court, though well-intentioned, erred in ordering mediation in this criminal case.").

We agree with the District Court in <u>Ridley's</u> and hold that compelling the State to participate in a plea-bargaining process against its stated objections constitutes an improper intrusion into the executive branch. <u>See also</u> <u>Justice</u>, 524 P.3d at 1180 ("No two ways about it—mediation is one of the most effective tools for conflict resolution in American jurisprudence. But may a state trial court in Colorado properly order mediation in a criminal case? In a word, no."). Accordingly, we grant the petition but withhold formal issuance of the writ of prohibition as we are confident the trial court will adhere to the decision of this Court.

Petition granted.