PETERSON, Chief Judge.
The State of Florida appeals the dismissal of charges of statutory rape against two 15-year-old boys who engaged in “consensual” sex with two 12-year-old girls. The trial court dismissed the charges finding that section 800.04, Florida Statutes (1993)[1], was unconstitutional as applied to the youths because it violated their right to privacy and equal protection under the law. Additionally, the trial court observed that because the minors, if charged as adults, would face sentences of up to 15 years incarceration and fines of up to $10,000, the potential sanction was grossly disproportionate to the crime and would constitute cruel and unusual punishment. Finally, the trial court certified the following question to be of great public importance:
WHETHER THE PROSECUTION OF ONLY ONE OF TWO MINORS, BOTH OVER THE AGE OF TWELVE AND UNDER THE AGE OF SIXTEEN, WHO ENGAGE IN CONSENSUAL SEXUAL ACTIVITY CONSTITUTES CRUEL AND UNEQUAL PUNISHMENT AND VIOLATES THE CONSTITUTIONAL GUARANTEES OF RIGHT OF PRIVACY AND EQUAL PROTECTION OF THE LAW.
We decline to answer the question as presented because the issues of equal protection and cruel and unusual punishment are premature, and we are unaware of a provision in the Rules of Appellate Procedure that allows a circuit court to certify questions to a district court. See Rule 9.030(b)(4), Fla. R.App. P.
The trial court relied upon his experience of five years as a juvenile judge to announce that whenever sexual misconduct is charged between opposite sexes, the boys are always charged by the state. Therefore, the juvenile boys in the instant case were denied the equal protection guarantees of our Florida constitution when they were singled out to be charged. The evidentiary basis for the trial judge’s conclusion, that his experience *1368 supported the dismissal of the charges, was inappropriate. No evidence was presented by the defense to support the judge’s recollection and the absence of such evidence made it impossible for the state to refute or for us to review it upon appeal. The state argues that it offered several cases to rebut the discriminatory claim and produced a record of past encounters with HRS to indicate why the boys were charged. One of the boys had 65 prior referrals to HRS with 35 adjudications and was on community control. He had also previously engaged in sex with the victim’s 13 year old sister. The other boy had eight prior referrals and four adjudications.
The decision by a prosecutor to charge only some offenders is not a ground for a claim of denial of equal protection. See Thomas v. State, 583 So.2d 336 (Fla.1991), affirmed, 614 So.2d 468 (Fla.1993). See also, McCleskey v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). The decision to charge and prosecute a defendant is completely discretionary and is vested in the hands of the prosecutor. State v. Bloom, 497 So.2d 2 (Fla.1986).
We do not view the potential penalties which could be imposed upon these juveniles if they were sentenced as adults as the appropriate test to determine whether they have been subjected to cruel and unusual punishment. Here, the charges were dismissed and no decision had been made to sentence the juveniles as adults or impose any sentence. We do observe, however, that it might be appropriate to impose a harsh sentence depending on the circumstances of the commission of the crime and the criminal history of the juvenile.
We now come to the issue of whether the application of section 800.04 to these two 15 year old boys invades their privacy rights when they engage in sex with 12 year old girls. First, it must be recognized that it is appropriate to charge a minor under this statute. In L.L.N. v. State, 504 So.2d 6 (Fla. 2d DCA), rev. denied, 511 So.2d 299 (Fla.1987), the second district upheld the constitutionality of section 800.04 against a vagueness challenge. L.L.N., a 14 year old, was adjudicated delinquent by committing a lewd and lascivious assault on a child under 16 years of age. Rejecting the teen’s vagueness argument, the court stated:
[A] male under sixteen who engages in sexual intercourse with a female under sixteen would violate the statute irrespective of the fact that the victim was unchaste and the act consensual. The fact that the legislature did not make an exception for perpetrators under sixteen does not render the statute unconstitutional. It simply means that the legislature intended no such distinction.
The second district re-affirmed this holding without any further discussion in J.E.J. v. State, 505 So.2d 516 (Fla. 2d DCA), rev. denied, 513 So.2d 1061 (Fla.1987). As noted, review in both cases was denied by the supreme court.
The latest pronouncement on the subject of sexual activity between consenting 16 year olds is set forth in B.B. v. State, 659 So.2d 256 (Fla.1995). In a rare statement of the predilection of the supreme court, the B.B. decision states:
If our decision were based upon whether minors could consent to sexual activity as though they were adults, our decision would be “no” for the reasons stated in Justice Kogan’s concurring opinion in Jones v. State, 640 So.2d 1084, 1087 (Fla.1994).
Id. at 258. The crux of the state’s interest in the minor-to-minor situation is in protecting the minor from the sexual activity itself for reasons of health and quality of life. Id. at 259.
The conclusion to be drawn from the supreme court’s statements in B.B. and the legislature’s statement in section 800.04 is that sexual activity between minors is prohibited whether or not each of the participants believe that they have “consented.” There should be little doubt of this in view of the *1369 decision in L.L.N. v. State, and the acknowl-edgement in the 1996 proposed House Bill 1195 and Senate Bill 3024 that minors may be prosecuted under the statute. The introduction of these bills reveals that the legislature is aware of the serious problem of sexual activity among minors. The failure to enact any legislation before retiring from the 1996 session indicates to us that the members of the legislature have no better idea of how to deal with the problem than that adopted in L.L.N.
However, that conclusion must be tested by the results found in B.B. The supreme court did not seem to be troubled by a statute making sex illegal between consenting 16 year olds, but was troubled by the classification by the legislature for the offense — a second degree felony. In order to solve the dilemma, the court found that the 16 year olds’ rights of privacy were “implicated,” thus invoking the “stringent test” enunciated in Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544 (Fla.1985): the state had to prove that the statute involved in that case, section 794.05, Florida Statutes (1991), furthered a compelling state interest through the least intrusive means.
Whatever rights of privacy a minor under sixteen may have, surely it does not extend to an absolute and unregulated right to engage in recreational sex with a minor also under that age. The costs and risks to society and the children involved are far too great. On this point, the legislature and our supreme court seem to agree. It is with the punishment involved for engaging in the prohibited activity that the two institutions part. The legislature seemed to be content with the potential punishment involved, as reflected by its unwillingness to change the statutory prohibitions and penalties for violating them during their 1996 session, although fully acknowledging that it was aware of the problem. On the other hand, the current supreme court was unable to accept the potential penalty appropriate for an adjudication of guilt of a second degree felony in B.B. The result attained in B.B. was to refer the matter back to a legislature that was unable to resolve the matter during its entire 1996 session.
We confess that we are no wiser than the legislature and cannot recommend a solution. We surely cannot legislate a solution for it. Florida has been content with the penalty applicable to minors under the age of 16 at least since 1987 and neither the consequences of minors having sex nor the potential risk of being declared a felon has been an effective deterrent. Perhaps it is precisely because there is a reluctance to apply section 800.04 to minors and they recognize that reluctance. Failure to solve the problem, however, is no reason to strip the trial courts of their arsenal to adjudicate a minor a felon if the situation justifies it. If the situation does not justify it, the trial courts still have some narrow discretion remaining. If the appellants in the instant case had committed a burglary, robbery or a forcible rape, it is doubtful anyone would anguish over the potential of adjudicating a minor guilty of a felony. Our laws prohibit such conduct and they are to be obeyed even by a minor. It seems incongruous that when a minor engages in a prohibited non-consensual sex act that is also classified as a felony, the penalty is viewed as an act by the legislature that oversteps its bounds.[2] The potential for harm in engaging in the sex act can be as great as, for example, grand theft.
We decline to eliminate by judicial fiat whatever restraint section 800.04 provides in prohibiting sexual activity by minors in furtherance of the state’s compelling interest in preventing such conduct and its consequences. We do not view the commission of the crime and the consequences as any less harmful than any other criminal activity by a minor. We vacate the dismissal by the trial court and remand for further proceedings.
*1370 We do, however, certify the following question as one of great public importance:
WHETHER THE POTENTIAL PENALTY FOR VIOLATION OF SECTION 800.04, FLORIDA STATUTES, BY A MINOR UNDER THE AGE OF SIXTEEN FURTHERS A COMPELLING STATE INTEREST THROUGH THE LEAST INTRUSIVE MEANS.
REMANDED.
COBB and ANTOON, JJ., concur.

. 800.04. Lewd, lascivious, or indecent assault or act upon or in presence of child A person who:
[[Image here]]
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years, without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section ....

. We also recognize, however, the potential incongruity of punishing one under 16 who is supposed to be protected from the sexual advances of others because of his or her age and inability to fully consent to sex, equally with one 16 or 60, who is presumed to be of an age and maturity to understand his sexual decisions.