POLSTON, J.
Appellee Joshua M. Metzler (“JMM”) was charged with committing a sexual act with a child under the age of 16 in violation of section 800.04(3), Florida Statutes. JMM was 17 years old at the time of the alleged violation. The trial court granted JMM’s motion to dismiss, ruling:
1. The Defendant, a juvenile born on February 9, 1982, was charged with committing a sexual act with a minor on July 8,1999.
2. At the time of the alleged offense, the Complainant was fifteen having been born on September 18, 1984. The difference in the ages between the Defendant and the Complainant was approximately 19 months.
3. The facts presented require the Court to apply the ruling enunciated in J.A.S. v. State, 705 So.2d 1381 (Fla.1998).
4. Section 800.04, Florida Statutes furthers a compelling state interest in the health and welfare of children.
5. Section 800.04, Florida Statutes, attaches reasonable sanctions for such sexual conduct where prosecuted through the rehabilitative juvenile justice system.
6. The unique facts of this case would result in an unconstitutional application of Section 800.04, Florida Statutes, in violation of the Defendant’s rights to privacy and equal protection should he be prosecuted as an adult. (Emphasis added).
It is therefore ORDERED AND ADJUDGED as follows:
A. The Motion to Dismiss is granted in part.[1]
B. The Defendant shall not be prosecuted as an adult.
C. The case shall be transferred to the juvenile division of this Court for further proceedings.
- Because we believe that the trial court misapplied the ruling of the Florida Supreme Court in J.AS. v. State, 705 So.2d 1381 (Fla.1998), we reverse and remand for further proceedings.
Section 800.04(3), Florida Statutes (1997)[2], states that a person who “[c]om-mits an act defined as sexual battery under s. 794 ,011(l)(h) upon any child under the age of 16 years” commits a felony of the second degree.[3] The constitutionality of this statute has been upheld, and a *567 minor may be charged with violating the statute. Jones v. State, 640 So.2d 1084 (Fla.994)(“we approve the decision of the district court upholding the constitutionality of section 800.04, Florida Statutes”; rejecting a right of privacy argument); J.A.S., 705 So.2d at 1383 & n. 5. (same); State v. J.A.S., 686 So.2d 1366, 1367-68 (Fla. 5th DCA 1997)(minor may be charged with violating the statute, citing cases), approved, 705 So.2d 1381 (Fla. 1998).
The trial court, noting the ages of JMM and the complainant, and citing J.A.S., ruled that prosecution of JMM as an adult would violate his rights to privacy and equal protection. We do not agree.
The Florida Supreme Court in J.A.S. ruled that section 800.04 was not unconstitutional as applied to two 15-year-old boys who engaged in “consensual” sex with two 12-year-old girls. The Court approved the Fifth District Court of Appeal’s reversal of the trial court. The trial court in J.AS., as in this case, ruled that section 800.04 was unconstitutional as applied because it violated their right to privacy and equal protection. 686 So.2d at 1367-68. Also, as in this case, the defense presented no evidence to support the trial court’s ruling. Id. Accordingly, J.A.S. is to the contrary of the trial court’s ruling.
Moreover, J.A.S. does not require JMM to be tried in a juvenile proceeding rather than as an adult. The two 15-year-old boys in J.A.S. were within the juvenile justice system and were not charged as adults, so that the issue was not addressed by the Court. J.A.S., 705 So.2d at 1387 n. 15. JMM did not argue, and the trial court did not rule, that he did not meet the criteria for prosecution as an adult pursuant to section 985.227, Florida Statutes (1999), by the state attorney’s direct filing of an information in the criminal division of the circuit court.
As ruled by the Florida Supreme Court, in State v. Cam, 381 So.2d 1361 (Fla.1980), the Florida Constitution explicitly provides that the Florida Legislature determines when a child may be charged as a juvenile rather than an adult:
At the outset it should be remembered that the juvenile court system is a fairly recent phenomenon, beginning in this country at the end of the last century and since spreading to every state. There was no common law right to be specially treated as a juvenile delinquent instead of a criminal offender. In re Gault, 387 U.S. 1, 16, 87 S.Ct. 1428, 1437, 18 L.Ed.2d 527 (1967). Nor is there any inherent or constitutional right to preferred treatment as a juvenile delinquent. Stokes v. Fair, 581 F.2d 287, 289 (1st Cir.1978); Woodard v. Wainwright, 556 F.2d 781, 785 (5th Cir.1977). Under our Florida Constitution, when authorized by law, a “child” as therein defined may be charged with a violation of law as an act of delinquency instead of a crime. Art. I, s 15(b), Fla. Const. Therefore, a child has the right to be treated as a juvenile delinquent only to the extent provided by our legislature. Johnson v. State, 314 So.2d 573 (Fla.1975).
381 So.2d at 1363 (emphasis added). See also Lott v. State, 400 So.2d 10, 11 (Fla.1981)(statute authorizing state attorney to bring criminal charges against a juvenile as an adult is not an element of the crime of which the juvenile is charged; “a child has the right to be treated as a juvenile delinquent only to the extent provided by our legislature,” quoting Cain).
The prosecution of JMM as an adult is subject to the express terms of Article I, section 15(b), of the Florida Constitution (authorizing the Florida Legislature to determine when a child may be charged with *568 a crime as an adult), and does not violate his rights to privacy and equal protection.
REVERSED and REMANDED.
MINER and DAVIS, JJ., concur.

. The trial court's order dismissing the charges and transferring the case to juvenile court dismissed the information charging JMM as an adult with the commission of a crime. We have jurisdiction pursuant to Fla. R.App. P. 9.140(c)(1)(A).

. The Children’s Protection Act of 1999, codified in Fla. Stat. (1999), did not take effect until October 1, 1999, after the alleged crime. Ch. 99-201, §§ 1, 6, 17 at 1183-84, 1187-89, 1211, Laws of Fla. Therefore, the 1997 statute is applicable.

.Section 794.05(1), Fla. Stat. (1999), provides that a “person 24 years of age or older who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree.”