388 So.2d 322 (1980)
The STATE of Florida, Appellant,
v.
Gerald JOGAN a/k/a Gerald Joseph Jogan, Appellee.
Nos. 80-614, 80-615.
District Court of Appeal of Florida, Third District.
September 23, 1980.
*323 Janet Reno, State's Atty., for appellant.
Robert Tardif, Coral Gables, for appellee.
Before HUBBART, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
By consolidated appeals, the state challenges an adverse order which dismissed criminal informations, against the defendant, on the grounds that he had enlisted in the armed forces of the United States; and a further order which denied the state's motion to extend the speedy trial period pending review. Finding error in the entry of the challenged orders, we reverse and remand for further proceedings.
It appears that the defendant was a seventeen-year-old juvenile "bindover" to the felony division of the circuit court where he was charged, by separate informations, with five counts of burglary, two counts of grand theft, and one count of attempted burglary.
Defense counsel represented to the trial court that the defendant would enlist in the armed forces of the United States provided the pending charges were terminated. The trial court indicated a disposition to dismiss the informations on the condition that the defendant did, in fact, enlist in the military service. When the trial court was satisfied that the defendant had enlisted and had been accepted, it entered an order dismissing the informations.
While entry into the military service of one's country has many redeeming virtues, it is not per se recognized as grounds upon which to dismiss a criminal information. Fla.R.Crim.P. 3.190(b).
Under our existing criminal justice system, the discretion to either prosecute or nolle prosequi a defendant (conditioned upon his entry into the military forces) is a pre-trial posture vested solely in the state attorney's discretion.
In a post-trial posture, a trial court has great latitude and discretion in the disposition of a criminal proceeding. With a deserving defendant in an appropriate case, it may, in a non-capital felony, after a finding of guilty or the entry of a plea of nolo contendere, with or without an adjudication *324 of guilt, withhold imposition of sentence and place the defendant upon probation. § 948.01(1), Fla. Stat. (1979). Under Chapter 958, the trial court has special authority to deal with the rehabilitation of youthful offenders including suspension of execution of sentence and placement of the youthful offender on probation. § 958.06, Fla. Stat. (1979). Additionally, under certain circumstances, pursuant to Section 958.13(1), Florida Statutes (1979), the court may expunge "[t]he records relating to the arrest, indictment, information, trial, or disposition of the alleged offenses of a person adjudicated a youthful offender...."
In the post-trial posture, the trial court may withhold adjudication or sentence or both and impose, as a condition of probation, the requirement that the defendant enter the armed forces.[1]
While the ruling and disposition of the charges by the trial court may well have been in the defendant's best interests as well as that of society and consequently has much possible wisdom to commend it, an appellate court cannot sanction the dismissal of an information upon grounds which have no established basis in the law.
As to the second point presented on appeal, it appears from the record that after the trial court had entered its order dismissing the information, the state attorney announced its intention to appeal and requested an extension of the speedy trial period,[2] pending review, which motion was denied.
In State v. Jenkins (Fla. 1980) (Case no. 52,484, opinion filed July 24, 1980), our Supreme Court stated:
When the state files an interlocutory appeal or an appeal from a dismissal of an indictment or information, the state must request an extension of the speedy trial time period in accordance with rule 3.191(b)(2). In ruling on the request, the trial court's only responsibility is to ensure that an extension does not violate the defendant's constitutional right to a speedy trial pursuant to the standards set forth in Barker v. Wingo, 407 U.S. 514 [92 S.Ct. 2182, 33 L.Ed. 101] (1972). The trial court should liberally allow requests for extension, and, when entering its order, it should provide a reasonable time period for the state to proceed to trial upon completion of the appeal. The trial court should deny a request only when the defendant affirmatively shows that his right to a speedy trial under the Barker standards is constitutionally prejudiced by the extension.[3]
___ So.2d at ___ [at page 4 of slip opinion].
Accordingly, the orders dismissing the informations and denying the state's motion to extend the speedy trial period are reversed with directions to reinstate the informations and grant the extension of the speedy trial period in accordance with State v. Jenkins, supra.
Reversed and remanded.
NOTES
[1] We recognize that acceptance into any branch of the armed forces of the United States is totally within the purview of the guidelines and procedures set forth by that particular branch of the military.
[2] Fla.R.Crim.P. 3.191(d)(2).
[3] We observe that a modification of Florida Rule of Criminal Procedure 3.191 will become effective on January 1, 1981. In Re Rules of Criminal Procedure, 385 So.2d 1367 (Fla. 1980).