497 So.2d 2 (1986)
STATE of Florida, Petitioner,
v.
Philip BLOOM, Etc., Respondent.
No. 68900.
Supreme Court of Florida.
November 6, 1986.
Jim Smith, Atty. Gen., and Richard E. Doran, Capital Collateral Coordinator, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit, and Karen M. Gottlieb, Asst. Public Defender, Miami, for respondent.
OVERTON, Judge.
The State of Florida petitions this Court for a writ prohibiting the respondent, a circuit judge, from determining prior to trial the appropriateness of the death penalty in the event the defendant is convicted of first-degree murder. Petitioner also seeks a writ of mandamus compelling the circuit judge to excuse jurors who are unable to recommend a sentence of death. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const. We grant the writ of prohibition and hold that a circuit judge lacks authority to decide pre-trial whether the death penalty will be imposed in a first-degree murder case.
*3 This petition arises from two separate proceedings in which a defendant was indicted and charged with first-degree murder, armed burglary, and armed robbery. Before his trials, the defendant moved to preclude impanelment of death-qualified juries, contending the state lacked sufficient evidence for the death penalty's imposition in either case. The circuit judge held that he would consider the death penalty in only one case. He granted the defendant's motion in the other case and directed the state to proceed with the first-degree murder trial as a non-capital case. In this petition, the state argues that the circuit judge has no authority to prejudge the death penalty's appropriateness because such a ruling unconstitutionally infringes on an executive function exclusively within a prosecutor's discretion.
A writ of prohibition is the appropriate remedy when a trial court attempts to interfere with the prosecutorial discretion of a state attorney. See Cleveland v. State, 417 So.2d 653 (Fla. 1982). Under Florida's constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute. Art. II, § 3, Fla. Const.; Cleveland; State v. Cain, 381 So.2d 1361 (Fla. 1980); Johnson v. State, 314 So.2d 573 (Fla. 1975). In State v. Jogan, 388 So.2d 322 (Fla. 3d DCA 1980), the Third District Court reversed a trial court's dismissal of an information against a defendant conditioned on his military enlistment. The district court held that the pre-trial decision to prosecute or nol-pros is a responsibility vested solely in the state attorney. While recognizing a court's latitude and discretion during post-trial disposition, Jogan reiterated the state has absolute discretion at pre-trial. In considering similar circumstances, federal courts have held:
[T]he decision of whether or not to prosecute in any given instance must be left to the discretion of the prosecutor. This discretion has been curbed by the judiciary only in those instances where impermissible motives may be attributed to the prosecution, such as bad faith, race, religion, or a desire to prevent the exercise of the defendant's constitutional rights.
United States v. Smith, 523 F.2d 771, 782 (5th Cir.1975), cert. denied, 429 U.S. 817, 97 S.Ct. 59, 50 L.Ed.2d 76 (1976) (citations omitted). We apply these principles and hold that article II, section 3, of the Florida Constitution prohibits the judiciary from interfering with this kind of discretionary executive function of a prosecutor.
We conclude that the circuit judge has no authority to interfere with the prosecutor's discretion in proceeding with this cause as a death penalty case. If we allowed the circuit judge to make pre-trial determinations of the death penalty's applicability, we would be modifying the death penalty's statutory scheme. Section 921.141(1), Florida Statutes (1985), mandates that the decision to impose the death penalty must be made in a separate proceeding after an adjudication of guilt. A pre-trial penalty determination by the trial judge would effectively create a statutorily unauthorized trifurcated death sentence procedure. Further, to approve the circuit judge's pre-trial determination, we would have to modify Sireci v. State, 399 So.2d 964 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). Sireci held that under Florida's statutory scheme the state need not divulge before trial the specific statutory aggravating factors it intends to prove at a sentencing hearing.
For the reasons expressed, we grant the petition for writ of prohibition, but withhold the formal issuance of the writ. We believe that the circuit court will voluntarily comply with the dictates of this opinion and proceed with the capital trial. Our ruling renders moot the petition for writ of mandamus.
It is so ordered.
McDONALD, C.J., and BOYD, EHRLICH and SHAW, JJ., concur.
ADKINS and BARKETT, JJ., concur in result only.