500 So.2d 532 (1987)
STATE of Florida, Petitioner,
v.
Amy Steele DONNER, Etc., Respondent.
No. 68804.
Supreme Court of Florida.
January 5, 1987.
Jim Smith, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., Miami, for petitioner.
Steven R. Jacob of Babbitt and Jacob, Fort Lauderdale, for respondent.
EHRLICH, Justice.
The State of Florida petitions this Court for a "writ of mandamus and/or prohibition" compelling Amy Steele Donner, Judge of the Circuit Court of the Eleventh Judicial Circuit to allow the state to seek the death penalty in the case of State of Florida v. Jorge Zerquera, case no. 84-27 304B. We have jurisdiction, article V, section 3(b)(7)-(8), Florida Constitution, and grant the writ based on our recent decision in State v. Bloom, 497 So.2d 2 (Fla. 1986).
The joint first-degree murder trial of Zerquera and his codefendant Scott David Puttkamer commenced on February 13, 1986. After counsel for Puttkamer made remarks during his opening statement which were prejudicial to Zerquera, Zerquera's renewed motion for severance was granted.
On April 22, 1986, Zerquera argued to Judge Donner that the state should be precluded from seeking the death penalty against him in the new trial because it had not sought the death penalty prior to severance. Judge Donner entered an "Order Prohibiting the State from Seeking the Death Penalty." Judge Donner gave three reasons for her order:
[1] Since the State induced the defendant to forego trial by a jury which could not recommend the death penalty it is estopped from seeking the death penalty in this case.
[2] As an independent ground for prohibiting the State from seeking the death penalty the court finds, after consideration of the potential aggravating and mitigating circumstances, that a jury could not validly recommend the death penalty in this case.
[3] As a further independent ground for prohibiting the State from seeking the death penalty, the court finds that, if the state were permitted, now, to death qualify a jury, the defendant could seek relief, if convicted under Florida Rule of *533 Criminal Procedure 3.850, alleging ineffective assistance of counsel.
At the time Judge Donner issued the subject order, she did not have the benefit of our recent decision in Bloom, where we held that article II, section 3, of the Florida Constitution prohibits the judiciary from interfering with the prosecutor's decision to seek the death penalty in a first-degree murder case. As noted in Bloom, the judiciary has authority to curb pretrial prosecutorial discretion "`only in those instances where impermissible motives may be attributed to the prosecution, such as bad faith, race, religion, or a desire to prevent the exercise of the defendant's constitutional rights.'" Bloom, 497 So.2d at 3 (quoting United States v. Smith, 523 F.2d 771, 782 (5th Cir.1975), cert. denied, 429 U.S. 817, 97 S.Ct. 59, 50 L.Ed.2d 76 (1976)).
Our review of the record reveals no such improper motives on the part of the prosecution. We, therefore, grant the petition but withhold the issuance of the writ, giving Judge Donner the opportunity to comply with our ruling by allowing the state to death qualify the jury in Zerquera's trial and to permit the state to seek the death penalty.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.