PER CURIAM.
The state appeals a disposition order in a juvenile proceeding against E.N., a juvenile, withholding adjudication for violation of section 810.08(2)(a), Florida Statutes (1991). We have jurisdiction.[1] § 39.069(1)(b)1, Fla.Stat. (1991); State v. E.T., 560 So.2d 1282 (Fla. 3d DCA 1990); State v. I.A., 527 So.2d 947 (Fla. 3d DCA 1988).
The state charged E.N. with trespass on property other than a structure or conveyance, a first degree misdemeanor. § 810.09, Fla.Stat. (1991). Over state objection, the trial court permitted E.N. to plead to trespass in a structure or conveyance, a second degree misdemeanor., § 810.08(2)(a), Fla.Stat. (1991). The trial court entered an order withholding adjudication for violation of *807 section 810.08 and placing E.N. in a community control program.
The trial court’s action was unauthorized. The record presents no basis for the trial court’s unwarranted interference with the state attorney’s discretion in determining the charges to file against E.N. The law is well settled that “[t]he decision whether to prosecute a person for a criminal offense or for a delinquent act and on what evidence has traditionally been considered a purely executive function.” E.T., 560 So.2d at 1284; State v. Bloom, 497 So.2d 2, 3 (Fla.1986); Cleveland v. State, 417 So.2d 653, 654 (Fla.1982). Although the trial court has latitude and discretion in post-trial proceedings, it is the state attorney’s sole responsibility to render a pretrial decision whether to prosecute or to enter a nolle prosequi, Bloom, 497 So.2d at 3 (citing State v. Jogan, 388 So.2d 322 (Fla. 3d DCA 1980)); Cleveland, 417 So.2d at 654; Johnson v. State, 314 So.2d 573, 577 (Fla.1975); E.T., 560 So.2d at 1284; State v. C.C.B., 465 So.2d 1379 (Fla. 5th DCA 1985), absent certain exceptions inapplicable in this case. State v. Donner, 500 So.2d 532, 533 (Fla.1987). In view of the state’s objection, the trial court should not have accepted a plea to a non-charged offense. Cf. P.D.W. v. State, 620 So.2d 1112 (Fla. 2d DCA 1993) (trial court lacks jurisdiction to adjudicate juvenile guilty of non-charged offense). Accordingly, we reverse the order and remand for further proceedings.
Reversed and remanded.

. Although the trial court did not enter an order of dismissal, the order withholding adjudication as to a non-charged offense dismissed the delinquency petition. Cf. State v. Hankerson, 482 So.2d 1386 (Fla. 3d DCA 1986) (order reducing charged offense is functional equivalent to order dismissing charged offense).