PER CURIAM.
The Department of Health and Rehabilitative Services filed a petition seeking to have minor M.M. declared dependent alleging severe parental abuse and neglect. The child was a resident of Dade County her entire life, and was taken into custody in Dade County and placed in a psychiatric hospital. Upon M.M.’s release from the hospital, her parents moved the court to award M.M.’s adult sister physical custody. The court granted the motion and allowed M.M.’s sister to take the child to her residence in Colombia; the court retained jurisdiction over the case.
The mother filed a motion to dismiss the dependency petition, asserting that the sister was competent to care for the child, and that dismissal was appropriate in the interest of judicial economy. The father joined the mother’s motion. At the hearing on the motion, the parents also asserted that the court lacked jurisdiction to hear the cause further under the Uniform Child Custody Jurisdiction Act [“UCCJA”]. The Department of Health and Rehabilitative Services responded, arguing that Colombia has not asserted jurisdiction under the UCCJA, Colombia is an inappropriate forum for disposition of the case as all the witnesses and evidence are in Dade County, and that dismissal based on a waste of time and resources violates separation of powers doctrines. The trial court granted the motion, and dismissed the petition. The Department of Health and Rehabilitative Services appeals and we reverse.
The record in this ease clearly supports the validity of the trial court’s continued jurisdiction over the parties herein, particularly including the child in question. See Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980); see also Simms v. State, Dep’t of Health and Rehabilitative Servs., 641 So.2d 957, 960-61 (Fla. 3d DCA) (en banc), review denied, 649 So.2d 870 (Fla.1994); State, Dep’t of Health and Rehabilitative Servs. v. Hollis, 439 So.2d 947, 949 (Fla. 1st DCA 1983).
In addition, the actions of the trial court in dismissing the valid petition herein, under the circumstances, and for the reasons that it was dismissed, were violative of the Separation of Powers Doctrine. Art. II, § 3, Fla. Const.; State v. Jogan, 388 So.2d 322 (Fla. 3d DCA 1980).
Accordingly, the Order of Dismissal entered by the trial court herein is reversed and this cause is remanded for further proceedings in connection with the petition filed by the appellant.
Reversed and remanded.