RYDER, Acting Chief Judge.
In this consolidated appeal, Mr. Amos and Mr. Fessenden contend that the trial court erred in dismissing their counterclaims against certain attorneys on the basis that they were absolutely immune from liability under federal and Florida law. As will be discussed below, we find merit in their arguments concerning two of the attorneys. We, therefore, reverse the dismissals of William O’Neil and Mark Herskovitz. We affirm the dismissals of all other parties.
The Florida Department of Legal Affairs brought an action against Amos and Fessen-den under chapter 895, Florida Statutes (1989), the Florida Racketeer Influenced and Corrupt Organization Act (RICO). Amos and Fessenden each filed pro se counterclaims, essentially asserting state tort claims and claims under 42 U.S.C. § 1983 (1979)[1] against a number of parties. The state then filed motions to dismiss both counterclaims on the grounds that Amos and Fessenden had failed to comply with the notice requirements applicable to suits against a state agency and that certain of the attorneys named as defendants were absolutely immune from suit under Florida and federal law. The lower court entered orders dismissing the counterclaims on various grounds, some with prejudice and some without. Amos and Fessenden filed notices of appeal from those orders. The Department of Legal Affairs argued that the appeals were improperly filed from nonfinal, nonap-pealable orders. We dismissed the appeals, except as to the attorneys dismissed on the basis of absolute immunity. See Fla. R.App.P. 9.110(k).
The attorneys dismissed from Amos’s counterclaim are Jill Menadier, Assistant Attorney General; Jeanne Clougher, Assistant Attorney General; and William O’Neil, General Counsel for the Florida Department of Insurance. These three attorneys were also dismissed from Fessenden’s counterclaim, as well as Melanie Hines, Assistant Statewide Prosecutor; Joseph Larrinaga, Assistant Statewide Prosecutor; Mark Herskovitz, Assistant General Counsel for the Florida Department of Insurance; and Robert A. But-terworth, Florida’s Attorney General.
We hold, based on the allegations of each of the counterclaims, that attorneys Menadier, Clougher, Hines, Larrinaga and *935 Butterworth [2] are entitled to absolute immunity from liability for claims brought under 42 U.S.C. § 1983. The allegations against them are based on either their criminal or civil prosecutions of the appellants, and other activities intimately associated with these prosecutions. See Imbler v. Packtmcm, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). We note that absolute prosecutorial immunity has been extended to attorneys performing functions analogous to a prosecutor, such as instituting a civil RICO action seeking forfeiture of property. Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); Mendenhall v. Goldsmith, 59 F.3d 685 (7th Cir.1995). These attorneys are also immune from liability under state law. Office of the State Attorney, Fourth Judicial Circuit of Florida v. Parrotino, 628 So.2d 1097 (Fla.1993) (when the legislature waived sovereign immunity, it did not intend to waive quasi-judicial or prosecutorial immunity); Berry v. State, 400 So.2d 80 (Fla. 4th DCA 1981), review denied, 411 So.2d 380 (Fla.1981). Accordingly, we affirm the lower court’s dismissal of these five attorneys, with prejudice.
Attorneys O’Neil and Herskovitz are not entitled to absolute prosecutorial immunity from the appellants’ federal or state claims for the simple reason that they are not prosecutors, nor does the record before us establish that they were somehow engaging in a quasi-prosecutorial function. Imbler, Butz; Parrotino. Because this was the only ground stated for their dismissal, we offer no opinion about whether other immunities may apply. We, therefore, reverse the dismissal with prejudice entered in favor of attorneys O’Neil and Herskovitz.
Affirmed in part, reversed in part, and remanded.
FRANK and PATTERSON, JJ., concur.

. Although Fessenden’s counterclaim does not specifically reference 42 U.S.C. § 1983, he has advised us on appeal that his claims arise under this section. We have reviewed his counterclaim under the law applicable to section 1983, as well as under state law.

. We note that the allegations against Attorney General Butterworth do not concern a decision to prosecute. See State v. Bloom, 497 So.2d 2 (Fla. 1986) (decision to prosecute is an executive rather than a quasi-judicial function).