FRANK, Acting Chief Judge.
The State in this proceeding challenges the trial court’s determination, and resultant action, that pursuit of the delinquency petition lodged against C.C., a child, would not serve a useful purpose.
Following several procedural events, C.C. moved to dismiss the charge asserting that it would serve no “useful purpose.” The State responded that a useful purpose would be served by adjudicating C.C. guilty of escape. The essential element in the State’s concern, expressed to the trial court, was that in the event C.C. continued on a course of criminal conduct, his present misconduct would be pertinent to an appropriate sanction or sentence. The State is correct; we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.
Extensive discussion is not warranted in exposition of the trial court’s error. Our supreme court made plain that “[ujnder Florida’s constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute.” State v. Bloom, 497 So.2d 2, 3 (Fla.1986).
Reversed and remanded.
QUINCE, J., and DOYEL, ROBERT L., Associate Judge, concur.