CASANUEVA, Judge.
The State appeals the trial court’s dismissal of two petitions alleging J.M. committed delinquent acts. In case number 98-00393, the State alleged J.M. sold a counterfeit drug; in case number 98-00382, the State alleged J.M. committed a battery. Because J.M. was already committed by court order to a level 8 program with the Department of Juvenile Justice, the trial court concluded that further prosecution of J.M. was futile. Accordingly, the trial court dismissed each pre-trial petition. The State contends the trial court exceeded its authority in so doing. We agree and reverse.
Article II, section 3, of the Florida Constitution provides that a person belonging to one branch of government shall not “exercise any powers appertaining to either of the other branches unless expressly provided herein.” The decision whether to charge and prosecute is an executive branch responsibility. See Burk v. Washington, 713 So.2d 988, 23 Fla. L. Weekly S314 (Fla. June 12,1998). The state attorney possesses complete discretion in determining whether to prosecute, which includes the authority to continue to prosecute. See State v. Bloom, 497 So.2d 2, 3 (Fla.1986). This discretionary authority to prosecute applies equally to juvenile cases. See State v. A.R.S., 684 So.2d 1383 (Fla. 1st DCA 1996). A judicial limit to this discretion arises where constitutional constraints are implicated. See Wayte v. United States, 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). Here, as no constitutional rights are implicated, the trial court improperly interfered with prosecutorial discretion.
The trial court found it had authority to dismiss the petitions under the facts of this case based on section 985.231(l)(f), Florida Statutes (1997). We hold that in this situation it does not.
The legislature expressly granted to the court certain powers of disposition in delinquency cases in section 985.231. Subsection (l)(f) of this statute provides the trial court with the dispositional authority to terminate the court’s jurisdiction over a child at any time. By clear legislative directive, this 'authority does not arise until the court is considering “disposition” alternatives, in other words, sentencing alternatives. In neither of J. M.’s cases had the trial court yet determined that the child had committed an act of delinquency. Therefore, the trial court’s exercise of this power was premature. We do not believe that the legislature sought, by *318 enacting this section, to enable the judiciary to intrude upon the executive branch authority in violation of article II, section 3 of the Florida Constitution.
We reverse the dismissal of each petition and remand with instructions to reinstate them.
BLUE, A.C.J., and FULMER, J., concur.