FLETCHER, Judge.
Fisher Island Holdings LLC [FIHL] petitions for certiorari review of the circuit court’s denial of relief from an order entered by the Miami-Dade County Commission on Ethics and Public Trust [Commission]. We deny the petition.
The Commission was created by Article LXXVIII (Sections 2-1066 through 2-1075) of the Miami-Dade County Code to enforce the various county and municipal ethics ordinances. Section 2-1074 sets forth the procedure to be followed by the Commission in responding to complaints of unethical conduct. It provides that upon the filing of a legally sufficient complaint, the Commission must conduct a preliminary investigation to determine whether there is probable cause to believe that a violation has occurred. If it finds probable cause, the Commission must then notify the alleged violator and, upon her or his request, conduct a public evidentiary hearing.
In accordance with the procedure outlined in the code, FIHL filed a complaint before the Commission alleging an ethics violation by members of the Fisher Island Community Council. After considering the complaint, the Commission found it to be legally insufficient (as not stating a possible violation under the applicable ordinance) and dismissed it without proceeding to the investigation and probable cause determination. FIHL then petitioned the circuit court for certiorari review of the Commission’s ruling. In response, the Commission moved for a dismissal of FIHL’s petition on the grounds that the decision on legal sufficiency was not a reviewable action and that FIHL had no standing to challenge the pre-investigative decision.
The circuit court granted the dismissal motion, concluding that the Commission made a non-reviewable, quasi-executive decision when it determined that FIHL’s complaint was not legally sufficient. We agree with the circuit court’s reasoning that the decision is akin to a prosecutor’s determination not to file an information or seek an indictment in a criminal action, a decision which has long been held to be completely discretionary and not subject to judicial interference. See, e.g., Valdes v. State, 728 So.2d 736 (Fla.1999); State v. Bloom, 497 So.2d 2 (Fla.1986); Cleveland v. State, 417 So.2d 653 (Fla.1982). The Second District Court of Appeal reached this same conclusion in relation to the State Commission on Ethics. Tenney v. State Comm’n on Ethics, 395 So.2d 1244, 1246 (Fla. 2d DCA 1981):
“There is some similarity in the procedure followed by the commission in making its finding of probable cause and that used by a state attorney in preparing to file an information or a grand jury in determining whether or not to return an indictment. No one would suggest that these officials should be required to hold an adversary hearing before filing an information or indictment.”
We see no reason to depart from this long-accepted principle.
The petition for writ of certiorari is denied.