825 So.2d 431 (2002)
Raymond HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4944.
District Court of Appeal of Florida, First District.
June 27, 2002.
*432 Nancy A. Daniels, Public Defender and Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Karen M. Holland, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
Raymond Henry seeks a new trial following his conviction for false imprisonment and perjury, arguing that the trial court erred in granting the prosecution's motion in limine by which evidence of a prior civil suit filed by Henry against the City of Tallahassee was excluded. Because we agree with the trial court that the civil suit is irrelevant to any claim of witness bias or challenge to the credibility of any witness, we affirm.
At the time Henry was charged with false arrest and perjury, he was employed by the Tallahassee Police Department with the rank of sergeant. Approximately one year prior to the incident which is the subject of the instant proceeding, Henry had sued the City of Tallahassee alleging racial discrimination and had obtained a favorable verdict.
While working off-duty, Henry became involved in a dispute with the person who had hired him concerning the amount Henry was to be paid to provide security at a large party. Evidence adduced by the prosecution at the subsequent trial showed that Henry handcuffed the promoter of the party, placed him in a backroom of the facilities where the party was held, and called the 911 dispatcher for a unit to transport the promoter to jail. According to the state's evidence, Henry claimed he was going "to lock up" the promoter for "defrauding" him. Shortly thereafter, the promoter apparently agreed to pay what Henry was demanding. Other Tallahassee police officers responded to the scene and spoke to Henry, the promoter and several witnesses. Bruises on the wrists of the promoter were observed by the responding officers. After an investigation, appellant was charged with false imprisonment. He was also charged with perjury for making a false statement while under oath.
Henry argued below that his prior civil suit against the city was relevant because the suit showed a basis for bias against or animus towards Henry on the part of the police department which led to the criminal prosecution. Henry specifically argued to the trial court that "the only reason" Henry was charged with false imprisonment was the "lawsuit" and that perjury charge likewise stemmed from "some problem between Sgt. Henry and the Tallahassee Police Department...." The trial court was unpersuaded, observing that the decision to prosecute was the state attorney's. The trial court reasoned that any animus between the police and Henry did not determine whether appellant would be charged and brought to trial. On appeal, Henry argues the civil suit was relevant for the purpose of showing bias on the part of the prosecution's witnesses, namely Officers Reeder and Hamby, and such bias could have served as a basis for impeaching the officers' testimony.
We find no basis to reverse. At trial, Henry did not seek to impeach the testimony of Reeder or Hamby, and he did not argue below that evidence of the prior civil suit would be relevant to show bias on the part of a particular witness. Accordingly, this issue has not been preserved for *433 appeal. See § 924.051, Fla. Stat. (2000); Terry v. State, 668 So.2d 954, 961 (Fla. 1996) ("for an argument to be cognizable on appeal, it must be the specific contention asserted as the legal ground for objection, exception, or motion below").
Bias is a legitimate basis for attacking the credibility of a witness, see section 90.608(2), Florida Statutes (1999), and the Florida Evidence Code "liberally permits the introduction of evidence to show the bias or motive of a witness." Gibson v. State, 661 So.2d 288, 291 (Fla. 1995). Nevertheless, as noted, Henry did not seek to demonstrate the bias of any prosecution witness by introducing the evidence of the prior civil suit. Instead, he sought to demonstrate an improper motive in his arrest and the subsequent prosecution. Given Henry's reason for seeking the introduction of the prior civil suit, such evidence was irrelevant.
It is well-established that the decision to prosecute is a matter left wholly to the state attorney. See Cleveland v. State, 417 So.2d 653 (Fla.1982) (holding that state attorney's decision to refuse consent to a pretrial intervention for a defendant is prosecutorial in nature and not subject to judicial review); State v. Bloom, 497 So.2d 2 (Fla.1986)(holding that the decision to charge and prosecute a defendant is completely discretionary and is vested in the hands of the prosecutor); Valdes v. State, 728 So.2d 736 (Fla.1999)("This Court has long held that as the prosecuting officer, the state attorney has `complete discretion' in the decision to charge and prosecute...."); see also A.D.W. v. State, 777 So.2d 1101, 1103 (Fla. 2d DCA 2001); State v. J.A.S., 686 So.2d 1366, 1368 (Fla. 5th DCA 1997), aff'd, 705 So.2d 1381 (Fla. 1998). It is further well-established that "the judiciary cannot interfere with this `discretionary executive function.'" Valdes v. State, 728 So.2d at 739 (Fla.1999)(quoting State v. Bloom, 497 So.2d 2, 3 (Fla.1986)). Deliberately basing the decision to prosecute upon race, religion, or other "unjustifiable" classification, however, is prohibited; see Barber v. State, 564 So.2d 1169, 1170 (Fla. 1st DCA), rev. denied, 576 So.2d 284 (Fla.1990); State v. J.M., 718 So.2d 316 (Fla. 2d DCA 1998); Bell v. State, 369 So.2d 932, 934 (Fla.1979)(explaining that in order to constitute a denial of equal protection, selective or discriminatory prosecution "must be deliberately based on an unjustifiable standard such as race, religion, or other arbitrary classification."); see also Wayte v. United States, 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985); although no such discrimination is charged by Henry here.
The claim that other police officers disliked Henry because of his prior discrimination suit is not a claim of impermissible treatment by the prosecutor. Accordingly, the prior civil action creates no basis for questioning the state attorney's decision to prosecute Henry.
AFFIRMED.
ERVIN and BROWNING, JJ., concur.