SCHWARTZ, Chief Judge.
An unsuccessful competitive bidder for a software contract with Miami-Dade County seeks certiorari review of a decision of the Appellate Division of the Eleventh Circuit which transferred its bid challenge to the General Jurisdiction Division. We deny relief on the basis of our agreement that such an award is the exercise of an executive function, rather than a quasi-judicial act subject to certiorari review by the Appellate Division. Charles M. Schayer & Co. v. Board of County Commissioners of Dade County, 188 So.2d 871 (Fla. 3d DCA 1966) squarely so holds. See also Fisher Island Holdings, LLC v. Miami-Dade County Com’n on Ethics and Public Trust, 748 So.2d 381 (Fla. 3d DCA 2000).
As we have already strongly indicated in Miami-Dade County v. Church & Tower, Inc., 715 So.2d 1084 (Fla. 3d DCA 1998), this conclusion is not affected by the procedural process adopted in section 2-8.4 of the Miami Dade County Code.[1] See *1087 Church & Tower, 715 So.2d at 1088 n. 4 (“The hearing provides a forum for the orderly presentation and reception of evidence and argument for and against the positions of the opposing parties, and other purposes, not the least of which would be to secure a favorable recommendation from the hearing examiner, and even to allow the protesting bidder an opportunity to convince the county manager to change his recommendation.”); Jennings v. Dade County, 589 So.2d 1337, 1343 n. 1 (Fla. 3d *1088 DCA 1991)(Ferguson, J., concurring) (“If an act is in essence legislative in character, the fact of a notice and a hearing does not transform it into a judicial act. If it would be a legislative act without notice and a hearing, it is still a legislative act with notice and a hearing. See Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150 (1908); Reagan v. Farmers’ Loan & Trust Co., 154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014 (1894).”), review denied, 598 So.2d 75 (Fla.1992).
Certiorari denied.

. Section 2-8.4 Protest procedures.
This section shall govern any protest made by a participant in any competitive process utilized for selection of a person or other entity to construct any public improvement, to provide any supplies, materials or services....
[[Image here]]
(c) Protests filed in accordance herewith shall be referred to a hearing examiner. A hearing examiner shall be appointed not later than five (5) working days following the filing of a bid protest. The hearing examiner shall conduct a hearing in connection with the bid protest which shall be completed within ten (10) working days following his or her appointment. The hearing examiner shall, within five (5) working days of the hearing, file written findings and recommendations with the Clerk of the Board and shall submit or mail a copy of same to all participants in the competitive *1087 process and to the County Attorney. The hearing examiner may extend the deadline for completion of the hearing upon written petition for good cause shown, but such extension shall not exceed an additional five working (5) days. The hearing examiner shall consider the written protest and supporting documents and evidence appended thereto, the County Manager’s recommendation, and supporting documentation, and all evidence presented at the hearing. The hearing examiner may also require written summaries, proffers, affidavits and other documents the hearing examiner determines to be necessary in order to conclude the hearing and issue the report and recommendation within the time limits set forth in this ordinance. The hearing examiner shall be entitled to rely on evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs, whether or not such evidence would be admissible in a trial in the courts of Florida.
(d) The hearing examiner shall allow a maximum of two hours for the protester’s presentation of its protest and a maximum of two hours for the County’s response to each protest. In the event of multiple protests, the hearing examiner shall allocate the time as necessary to ensure that the hearing shall not exceed one day.
(e) The County Manager shall prepare an administrative order, to be approved by this Commission, amending Administrative Order No. 3-21 and setting forth a fee schedule for filing of bid protests. The fee shall be in the amount necessary to defray the cost of the bid protest process established in this Section. The administrative order shall also establish the amount of compensation to be paid the hearing examiner, and shall provide for a prorated reduction of that compensation in the event the hearing examiner fails to abide by the time limitations set forth in Section 2-8.4(c) above.
(f) Hearing examiners shall be selected from a panel of retired judges who have served ten (10) or more years as Circuit Judges in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Hearing examiners may be selected from alternate sources where the County Attorney recommends in writing that such action is necessary to achieve greater diversity.
(g) The hearing examiner’s findings and recommendation shall be presented to the Commission together with the recommendation of the County Manager. Notice thereof shall be mailed to all participants in the competitive process at least five (5) days in advance of such presentation. Notwithstanding any other provision of this Code or any prior resolution, the matter shall be heard by the Commission without prior presentation to any committee. The matter shall be resolved on the basis of the record before the hearing examiner and no evidence or issue which was not presented or raised at such hearing shall be considered ....
(h) If the hearing examiner concurs in the County Manager’s recommendation, a two-thirds (2/3) vote of the Commission members present shall be required to take other than the recommended action. Provided however, a two-thirds (2/3) vote shall not be required to reject all bids. If the hearing examiner concurs in the County Manager’s recommendation, the Commission shall not allow presentations by any participants in the competitive process or their representatives at the time the matter is presented to the Commission. If the hearing examiner does not concur in the County Manager's recommendation, the participants in the competitive process and their representatives may make presentations to the Commission and the Commission shall decide the matter by a majority vote.
[[Image here]]
(j) The foregoing notwithstanding, the Commission, by two-thirds (2/3) vote of the members present, may waive the requirements of this section and entertain a bid protest, upon written recommendation of the County Manager.