SUAREZ, J.
The State seeks a writ of certiorari, or in the alternative a writ of prohibition, quashing the trial court’s order placing conditions on a live lineup. We grant cer-tiorari and quash the order.
The defendant was arrested in the instant case for armed robbery with a firearm. At that time the State was also investigating the defendant’s involvement in a number of other offenses. The State issued a subpoena requiring the defendant to appear in a live lineup and explained to the trial court that the lineup related to the other criminal investigations and not the instant armed robbery. The defendant moved to quash the subpoena and argued that no lineup should proceed without a probable cause determination. He contended further that, if a lineup was to be conducted, the trial court should impose certain conditions to ensure its fairness. The trial court denied the motion to quash the subpoena but imposed conditions on how the lineup should be conducted. The court specified the number of participants, required notice to defense counsel, required “double-blind” and sequential pro *613 cedures, and ordered that the lineup be videotaped with a soundtrack.
The Florida Constitution provides for the separation of powers among the three branches of the state government:
The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.
Art. II, § 3, Fla. Const.
The decision to charge and prosecute criminal offenses is an executive responsibility over which “the state attorney has complete discretion.... ” State v. Bloom, 497 So.2d 2, 3 (Fla.1986). The state attorney “acts as a one-person grand jury in carrying out investigations into noncapital criminal conduct, and the state attorney must be granted reasonable latitude in that role.” State v. Investigation, 802 So.2d 1141, 1143-44 (Fla. 2d DCA 2001). The State “clearly has a strong interest in gathering information relevant to an initial inquiry into suspected criminal activity....” Doe v. State, 634 So.2d 613, 615 (Fla.1994). “A judicial limit to this discretion arises where constitutional constraints are implicated.” State v. J.M., 718 So.2d 316, 317 (Fla. 2d DCA 1998).
The trial court departed from the essential requirements of the law in this instance by injecting itself into the State’s investigative function where no constitutional constraints are implicated. The State simply seeks to conduct a lineup, which it is authorized to do as part of its investigative powers. § 27.04, Fla. Stat. (2005) (authorizing the state attorney to summon and examine witnesses). The State’s standard lineup procedure has been repeatedly upheld as constitutionally sound. Doe v. State, 634 So.2d at 613 (disapproving Saracusa v. State, 528 So.2d 520 (Fla. 4th DCA 1988), which held that a defendant could not be compelled to appear in a live lineup and submit to a blood test without a finding of probable cause). The defendant is free to attack the lineup by filing a pretrial suppression motion if he feels that it is conducted improperly. The trial court’s attempt to set conditions on the State’s investigative function is an encroachment on the State’s authority. State v. Investigation, 802 So.2d at 1141 (holding that the trial court departed from the essential requirements of the law by requiring the State to prove that the records it subpoenaed were relevant and material to an actual crime that had occurred and by finding the attorney-client privilege applicable to the records of a third party); State v. Bloom, 497 So.2d at 2 (holding that the circuit judge had no authority to interfere with the prosecutor’s discretion in choosing to proceed with the case as a death penalty case); State v. J.M., 718 So.2d at 316 (reversing the dismissal of petitions for delinquency that the trial court deemed “futile” because the juvenile was already committed to DJJ for another offense).
A writ of certiorari is appropriate here because the trial court departed from the essential requirements of the law by placing conditions on the State’s inherent investigative function. State v. Investigation, 802 So.2d at 1141; see also State v. Bloom, 497 So.2d at 3 (“A writ of prohibition is the appropriate remedy when a trial court attempts to interfere with the prose-cutorial discretion of a state attorney.”).
Accordingly, certiorari is granted and the trial court’s order placing conditions on the lineup is quashed.