DAMOORGIAN, C.J.
Robert S. Gershman appeals an order of the Florida Elections Commission (the “Commission”) dismissing his complaint alleging an elections violation by Gershmaris former opponent in a political race. Gershman now asks us to review the Commission’s determination that his complaint was legally insufficient. We dismiss Gershman’s appeal for lack of jurisdiction.
In the administrative context, appellate or certiorari review jurisdiction only exists where the administrative agency’s challenged action was quasi-judicial as opposed to quasi-executive in nature. See Building Code Advisonry Bd. v. S. Bldg. Prods., Inc., 622 So.2d 10, 11 (Fla. 4th DCA 1993). A dismissal of an administrative complaint for legal insufficiency has been held to be a quasi-executive, and thus non-reviewable, decision. Fisher Island Holdings, LLC v. Miami-Dade Cnty. Comm’n on Ethics & Pub. Trust, 748 So.2d 381, 382 (Fla. 3d DCA 2000).
In Fisher, which is directly analogous to this case, the Third District denied a petition for writ of certiorari challenging Miami-Dade County’s Commission on Ethics and Public Trust’s determination that a complaint against a councilman for an ethics violation was legally insufficient. Id. In denying the petition, the court held that the commission’s finding of legal insufficiency was a non-reviewable decision “akin to a prosecutor’s determination not to file an information or seek an indictment in a *687 criminal action, a decision which has long been held to be completely discretionary and not subject to judicial inference.” Id.
Likewise, we hold that the Commission’s finding that Gershman’s complaint was legally insufficient was a non-reviewable, quasi-executive decision. Accordingly, we dismiss the appeal.

Dismissed.

MAY and FORST, JJ., concur.