THOMAS, J.
Dissenting.
I respectfully dissent. Because the Attorney General’s dismissal of this action deprived the trial court of jurisdiction, we should grant the writ of prohibition.
The action here was filed in 2009. Under section 68.084(2)(a), Florida Statutes (2009), the Legislature has granted the Attorney General the sole power to dismiss a qui tam action: “The department [of Legal Affairs] may voluntarily dismiss the action notwithstanding the objections of the [relator].” (Emphasis added.) There is no time limitation or other substantive limitation whatsoever on the Attorney General’s authority to control qui tam litigation. The Attorney General has the unfettered power to prosecute or dismiss such an action, and is the real party in interest, regardless of her decision to intervene. United States ex. rel. Milam v. Univ. of Texas M.D. Anderson Cancer Ctr., 961 F.2d 46, 50 (4th Cir.1992); United States ex. rel. Dimartino v. Intelligent Decisions, Inc., 308 F.Supp.2d 1318, 1322, n. 8 (M.D.Fla.2004). Because the Attorney General has the unfettered authority to dismiss qui tam litigation, her voluntary dismissal here divested the trial court of jurisdiction to take any further action in this matter, even assuming the Florida Rules of Civil Procedure control, because, as unequivocally held by the Florida Supreme Court in Pino v. Bank of New York, 121 So.3d 23, 32 (Fla.2013), “[i]t is well accepted that the effect of a plaintiffs voluntary dismissal under rule 1.420(a)(1) is jurisdictional.” (Emphasis added.)
The majority opinion’s refusal to grant the writ contradicts the plain text of the qui tam statute and the decision in Pino, and allows' the trial court to conduct a hearing on a matter over which it has no jurisdiction. Further, the majority opinion allows the trial court" to conduct a hearing which violates the strict separation of powers requirement of Article II, section three of the Florida Constitution and conflicts with the supreme court’s holding in Avatar Development Corporation v. State, 723 So.2d 199, 201 (Fla.1998), because the trial court’s action here to consider the relator’s motion to strike the Attorney General’s dismissal improperly interferes with the Executive Branch’s sole authority to prosecute qui tam litigation on behalf of the State of Florida.
Federal courts have duly noted that to allow courts to interfere with the government’s power to prosecute and control qui tam actions by requiring “good cause” before dismissal, where the Attorney General has declined to intervene, would put the similar federal statute on “constitutionally unsteady ground.” See United States ex. rel. Ridenour v. Kaiser-Hill Co. LLC, 397 F.3d 925, 934-35 (10th Cir.2005), cert, den., 546 U.S. 816,126 S.Ct. 341,163 L.Ed.2d 52 (2005). Unlike the Florida qui tam statute, the federal provision specifically authorizes a judicial hearing before the gov *815 ernment may dismiss the action, but even under this language, courts have recognized that the federal government possesses nearly an “unfettered right to dismiss a qui tarn action.” Swift v. United States, 318 F.3d 250, 253 (D.C.Cir.2003).
Prohibition is precisely the correct remedy to avoid this type of jurisdictional error which improperly cabins prosecutorial discretion and thereby violates Article II, section three. See State v. Bloom, 497 So.2d 2 (Fla.1986). I would grant the petition for writ of prohibition to preclude further action by the trial court in this matter.