NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA, )
)
Petitioner, )
)
v. ) Case No. 2D16-3262
)
JOSE ENRIQUE GONZALEZ, )
)
Respondent. )
_____ )

Opinion filed January 6, 2017.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Samantha
L. Ward, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Petitioner.

Howard L. Dimmig, II, Public Defender,
and Steven L. Bolotin, Assistant Public
Defender, Bartow, for Respondent.

PER CURIAM.

      Denied.  See Hurst v. State, 202 So. 3d 40 (Fla. 2016); Perry v. State, 41

Fla. L. Weekly S449 (Fla. Oct. 14, 2016).


SILBERMAN and CRENSHAW, JJ., Concur.
SALARIO, J., Concurs with opinion.

SALARIO, Judge, Concurring.

The State has petitioned for a writ of certiorari to quash a trial court order declaring that section 921.141, Florida Statutes (2016)—governing the procedures for determining whether to apply the death penalty—is unconstitutional. While the petition was pending, the supreme court decided Hurst, 202 So. 3d 40, and Perry, 41 Fla. L. Weekly S449. Those cases establish that section 921.141 is unconstitutional insofar as it permits imposition of a death sentence where "ten jurors recommend death as opposed to the constitutionally required unanimous, twelve-member jury." See Perry, 41 Fla. L. Weekly at S453. Given that holding and the fact that the State's petition challenges only the constitutional substance of the trial court's order, the court is correct to deny it. Because I was a member of the panel that decided State v. Jones, 41 Fla. L. Weekly D1853 (Fla. 2d DCA Aug. 10, 2016), however, I write to express my concern that the trial court does not have the legal authority to take the death penalty off the table before Mr. Gonzalez has been tried and convicted of a capital offense that might subject him to that penalty.

A brief history of recent developments concerning Florida's death penalty statutes may help orient the reader. In January of last year, the United States Supreme Court decided Hurst v. Florida, 136 S. Ct. 616 (2016), in which it held that the capital sentencing procedures established by sections 775.082(1) and 921.141(2) and (3), Florida Statutes (2010), unconstitutionally abridged the Sixth Amendment right to jury trial in criminal cases because they relegated critical sentencing determinations to the trial judge rather than the jury. The legislature quickly reacted and amended those statutes in March to provide the capital sentencing procedures currently on the books.

- 2 -

See generally ch. 16-13, § 3, at 233-38, Laws of Fla. Then, in October, our supreme court considered Hurst on remand from the United States Supreme Court and held that article I, section 22 of the Florida Constitution and the Eighth Amendment to the United States Constitution require that a jury's decisions on death penalty questions be unanimous. 202 So. 3d at 44. That same day, the supreme court decided Perry, in which it considered the constitutionality of the March 2016 amendments and held (1) that most of the provisions of the amended statutes were constitutional under Hurst but (2) that the amendment to section 921.141(2)(c) was unconstitutional because it permits a jury to recommend the death penalty upon a vote of ten jurors as opposed to the unanimous vote of twelve jurors. 41 Fla. L. Weekly S449.

While Perry was pending and shortly after the trial court entered the order at issue here, our court decided Jones. There, we considered four consolidated murder cases in which trial courts rendered orders, prior to the 2016 statutory amendments, barring the State from seeking the death penalty on grounds that the United States Supreme Court's decision in Hurst left the State without a constitutional procedure for imposing it. Jones, 41 Fla. L. Weekly at D1854. The State sought writs of prohibition to challenge the trial courts' authority to enter these orders, each of which had been entered before the guilt phase of trial based on a request by the defendant to preclude it from proceeding as a death case.

We granted the writs and held that a trial court has no authority to determine the applicability of the death penalty before a defendant has been tried and convicted of a capital offense. We emphasized that capital cases proceed first through a guilt phase and, if the defendant is convicted, to a penalty phase. The applicability of

the death penalty is determined at the penalty stage only if the defendant is convicted of a capital offense. We held that the decision to charge a defendant with first-degree murder and to prosecute that alleged crime as a capital offense through the guilt phase rests solely in the prosecutorial discretion of the state attorney, which may not be abrogated by a judicial ruling that the penalty is inapplicable prior to the guilt phase. Jones, 41 Fla. L. Weekly at D1855. In so holding, we relied on the supreme court's decision in State v. Bloom, 497 So. 2d 2 (Fla. 1986), which held that prior to a guilt-phase trial, a judicial determination that the death penalty is inapplicable impermissibly interferes with the discretion of the state attorney to seek the death penalty in a capital case. For that reason, we concluded in Jones that notwithstanding the unconstitutionality of the statutory procedure for imposing the death penalty, "[t]he trial courts simply have no authority to determine the applicability of the death penalty to defendants who have not been convicted of capital felonies." Jones, 41 Fla. L. Weekly at D1855.

To my mind, the trial court's order in this case interferes with the state attorney's prosecutorial discretion in capital cases in the same way that the orders in Jones did. The State charged Mr. Gonzalez in a two-count indictment with first-degree murder and sexual battery and filed a notice of intent to seek the death penalty on the murder count. Mr. Gonzalez responded with a pretrial motion seeking a declaration that section 921.141 is unconstitutional insofar as it permits penalty-phase determinations to be made by something less than the unanimous vote of a twelve-member jury. There would be no reason for Mr. Gonzalez to seek that order other than to preclude the State from prosecuting the case as a felony for which he could be punished by death.

- 4 -

The court entered an order on Mr. Gonzalez's motion that declared section 921.141 unconstitutional. Although the order does not explicitly state that the result of that declaration is that the State may not prosecute the murder count as a capital felony, it cannot reasonably be understood as having any other meaning. The trial court plainly did not intend to render an advisory opinion on the constitutionality of section 921.141, and it is difficult to see how the trial court could, for example, death qualify a trial jury after having decided that the statute regulating the imposition of the death penalty is unconstitutional. The effect of the trial court's declaration is to preclude the State from seeking the death penalty. For the reasons we explained in Jones, the trial court is without authority to interfere with the state attorney's discretion to seek the death penalty in that way at this phase of the case.[1]

In addition to the prosecutorial discretion concerns that undergird Jones, I also believe that an appropriate regard for the legislature's role in setting policy concerning the death penalty counsels in favor of deferring questions of the type

---

[1]I note that the supreme court's opinion in Perry involved orders that, like the orders in Jones, determined the applicability of the death penalty prior to the guilt-phase trial of a capital case, yet the supreme court considered the merits of the constitutional arguments nonetheless. The supreme court accepted jurisdiction in Perry to review certified questions concerning the scope of the United States Supreme Court's decision in Hurst and the applicability of the March 2016 amendments to section 921.141 to prosecutions pending at the time of their adoption; neither question involved a trial court's authority (or lack thereof) to make pretrial determinations concerning the applicability of the death penalty. See 41 Fla. L. Weekly S449. Moreover, the State's brief in Perry did not raise the issue of a trial court's authority to make determinations concerning the applicability of the death penalty prior to a guilt-phase trial verdict, and the supreme court's opinion does not address it. To conclude that Perry stands for the proposition that a trial court has such authority, one would have to conclude that the supreme court, without saying so, resolved a question that was not presented by the case before it or briefed by the parties and resolved it in a way that would either conflict with or limit its decision in Bloom. I do not think such a conclusion is defensible.

reached by the trial court's order for the penalty phase of the proceedings. Whatever infirmities the Hurst decisions identified in the State's procedure for deciding whether death is a proper sentence in an individual capital murder case, the people's representatives in the legislature have decided that death should be available as a sentence for that offense. As it stands, our supreme court has determined that the legislature's prompt revisions to section 921.141 satisfy the Hurst decisions in all but one respect—the requirement of jury unanimity. Perry, 41 Fla. L. Weekly at S453. It is possible that the legislature will act just as promptly to resolve that remaining issue in an amended statute that, without violating the ex post facto clauses of the United States and Florida Constitutions, might be applied to pending cases before the guilt-phase trials of this case and others are concluded. Orders that determine the applicability of the death penalty before the defendant has been convicted of a capital offense and before it is legally necessary to do so undermine the legislature's expressed purpose that the State be permitted to seek, and the jury be permitted to consider, whether a sentence of death is proper if the State proves the defendant's guilt of the offense charged.

The trial court's authority to enter the order at issue here is, however, not before us on this petition. For that reason, I concur in the court's decision to deny it.