FARMER, J.
The State contends that the trial court erred in dismissing the information because defendant failed to file a written motion, his oral motion lacked specific factual allegations and was not sworn, and finally because a prima facie case was apparent from the record statements of a *97 witness. We reverse without reaching the merits of the motion.
The information was dismissed at a preliminary hearing held to determine whether there was probable cause to detain the accused. Defendant orally moved to dismiss under rule 3.190(c)(4) — i.e., that there were “no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against thé defendant.” Fla.R.Crim.P. 3.190(c)(4). Defendant concedes that the trial court does not have authority to dismiss a case under this rule at a preliminary hearing. See Fla. R.Crim.P. 3.133(b)(5) (if probable cause not established at preliminary hearing after information filed, court may only release defendant from custody upon own recognizance).
Moreover, rule 3.190(a) requires that a motion to dismiss be made in writing unless waived by the court for good cause shown. Here no cause of any kind for waiving the writing requirement was shown, and the trial court did not mention the writing requirement. See State v. Pope, 674 So.2d 901 (Fla. 2d DCA 1996) (trial court erred in not requiring compliance with rule where the defendant orally moved to dismiss and failed to file a written motion).
REVERSED.
GUNTHER and GROSS, JJ., concur.