DELL, J.
The State appeals an order dismissing a charge of felony battery against appellee. We reverse.
On January 27, 2000, appellee was charged by information with felony battery alleged to have occurred on December 25, 1999. On December 26, 1999, the trial court entered an order of no contact with the victim. On April 5, 2000, appellee filed a motion to terminate the no contact provision. In support of the motion, appellee attached an affidavit of the victim in which she stated that she had been the aggressor during the incident, and that appellee had acted in self-defense. She further stated that she was intoxicated during the incident and asked that the charge against appellee be dropped. The State’s case consisted of the victim’s initial statement to the police, the victim’s signed statement given to police at the hospital, and the sworn written statements of two eyewitnesses to the battery.
An adversarial preliminary hearing was heard on April 27, 2000, on the charge of felony battery. The State appeared at the hearing and advised the trial court that its witnesses had not been subpoenaed due to an office problem, and did not think the cause should proceed without them. The State further advised the trial court that there was overwhelming evidence to support the charge and asked that the cause be set for trial. The trial court asked to hear from the victim, who was present.
The trial court inquired whether she or appellee had made the initial physical contact, whether appellee had struck her in retaliation for her conduct, and whether she was saying she did not want to press charges. The victim stated that she had never wanted to press charges against ap-pellee. When the trial court asked her if she had consented to the battery, the victim stated that she had. After the State concluded its cross-examination, the trial court pronounced: “Inasmuch as she had indicated under oath that she consented to the action there is no probable cause. The case is dismissed.” The State objected and now appeals the dismissal of the charge of felony battery against appellee.
Florida Rule of Criminal Procedure 3.133(b), “Adversary Preliminary Hearing” provides:
(5) Action on Hearing. If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate shall cause the defendant to be held to answer to the circuit court; otherwise, the magistrate shall release the defendant from custody unless an information or indictment has been filed, in which event the defendant shall be released on recognizance subject to the condition that he or she appear at all court proceedings or shall be released under a summons to appear before the appropriate court, at a time certain. Such release does not, however, void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial.
In State v. Hollie, 736 So.2d 96 (Fla. 4th DCA 1999), this court addressed the trial court’s authority to dismiss a case at a hearing conducted pursuant to Florida Rule of Criminal Procedure 3.133(b):
The information was dismissed at a preliminary hearing held to determine whether there was probable cause to detain the accused. Defendant orally moved to dismiss under rule 3.190(c)(4) — i.e., that there were “no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” Fla. *402 R.Crim.P. 3.190(c)(4). Defendant concedes that the trial court does not have authority to dismiss a case under this rule at a preliminary hearing. See Fla. R.Crim.P. 3.138(b)(5) (if probable cause not established at preliminary hearing after information filed, court may only release defendant from custody upon own recognizance).
Id. at 97.
In this case appellant did not move to dismiss, orally or in writing. The hearing was an adversarial preliminary hearing to determine probable cause. Therefore, the trial court did not have authority to dismiss the charges against appellee. Hollie, 736 So.2d at 97; Fla. R.Crim. P. 3.133(b)(5); also see State v. Brown, 416 So.2d 1258 (Fla. 4th DCA 1982).
Accordingly, we reverse the order of dismissal and remand this cause for further proceedings.
REVERSED AND REMANDED.
TAYLOR, J., concurs.
WARNER, J., concurs specially with opinion.